C. P. RIDER, Respondent, v. JOHN KIRK, Appellant.

Kansas City Court of Appeals, December 4, 1899.

1. **Action: PLEADING: PARTIES: JURISDICTION: PRINCIPAL AND AGENT.** A petition against a defendant and his principal is held to be without defect except as to parties; and the dismissal as to the agent left a cause of action against the principal of whom, being a non-resident and unfound in the county, the court had no jurisdiction which the defendant waived by answering over without objection.

2. **Principal and Agent: SCOPE OF AUTHORITY: INSTRUCTION.** An agent to buy horses has no authority to borrow money for his principal unless the money is necessary to carry on the business of buying the horses, such as purchase of food for the horses bought; an instruction to this effect is approved.

3. **Interest: ALLOWANCE OF: DEMAND: REMITTITUR.** Interest allowed on certain claims before suit brought without demand of payment is erroneous, but may be remitted where the amount is certain.

4. **Costs: APPEAL: ABSTRACT.** An abstract which is larger than reasonably necessary to call attention to the errors complained of will justify the appellate court in its discretion to divide the costs.

Appeal from the Linn Circuit Court.—*Hon. J. P. Butler,*
                            Judge.

AFFIRMED WITH REMITTITUR.

*Chas. K. Hart* for appellant.

(1) One who contracts with the agent of an undisclosed principal, may hold the latter, but can not hold both the agent and principal. There is no joint liability. Sessions v. Block, 40 Mo. App. 569; Provenchere v. Reifess, 62 Mo. App. 50. (2) The objection that the petition does not state a cause of action, is not waived by answer, but may be raised at any time during trial. Walker v. Point Pleasant, 49 Mo. App. 244; Brown v. Shock, 27 Mo. App. 351. And may properly be raised by objection to the introduction of any evidence under petition. Hatten v. Randall, 48 Mo. App. 203; Mumford v. Keet, 65 Mo. App. 502. (3) It devolves upon the plaintiff to prove his own case, and unless he does so, the defendant is under no obligation to show that the plaintiff has no case, and a demurrer to the evidence should be sustained. Krampe v. Brewing Ass'n, 59 Mo. App. 277; Hunt v. Railroad, 89 Mo. 607; Hyde v. Railroad, 110 Mo. 272. (4) Respondent Kirk, being a resident of the city of St. Louis, and improperly joined as a defendant in this action, the court acquired no jurisdiction over him. (5) The court erred in granting instructions on the part of the plaintiff because thereby the jury was instructed that they should find for the amount claimed in the several counts of the petition, with interest from date when money was loaned and horses sold, and did not submit

to the jury the question of a demand for payment. This is an action on account for property sold and money loaned, and does not draw interest prior to demand. Revised Statutes of 1889, sec. 5972; Southgate v. Railroad, 61 Mo. 89; Petty v. Douglass, 76 Mo. 70; Newman v. Newman, 29 Mo. App. 649. Wolff v. Matthews, 98 Mo. 246. And where judgment is for an amount too large, and such excess is caused by a wrongful allowance of interest, the judgment will be reversed. Thompson v. School Dist., 71 Mo. 495. (6) An agent can not bind principal by acts beyond his authority. Brosnahan v. Brewing Co., 26 Mo. App. 386.

*H. K. & H. J. West* and *J. M. Johnson* for respondent.

(1) Plaintiff had a right of action against either of the defendants, but not against both of them. If this be true, plaintiff has in this case sued two persons jointly who are not jointly liable. This is a misjoinder of parties defendant. And as this misjoinder appeared affirmatively upon the face of the petition it could have been taken advantage of by demurrer to the petition. Defendant Kirk did demur to the petition on the ground of misjoinder and if he had stood upon this demurrer when it was overruled, instead of filing an answer and going to trial, he would now be in position to urge that there was a misjoinder of parties defendant. By filing an answer and going to trial the defendant Kirk waived the defect of parties defendant. R. S. 1889, sec. 2043, 2047; Finney v. Randolph, 68 Mo. App. 557. By his general appearance he waived all objections, if any existed, to the service of process. (2) The law will not permit a defendant to file an answer, go to trial and try his luck before a jury, and then after losing out assert in the appellate court that the lower court had no jurisdiction over his person. R. S. 1889, sec. 2013; Meyer v. Broadwell, 83 Mo. 571; Pry v. Railway, 73 Mo. 123; Peters v. Railway, 59 Mo. 406. (3) Respondent admits that these

Rider v. Kirk.

instructions are wrong in so far as they allow a recovery for this $26.50 interest. It is earnestly insisted, however, that this case should not for this error be reversed. Having failed to urge or call the attention of the lower court to the question of interest, in his motion or otherwise, he can not now urge or profit by his own laches. R. S. 1889, sec. 2085; Stone v. Wolfskill, 59 Mo. App. 441. (4) It is not contended that an agent can bind his principal by any act beyond the scope of his authority, but an agent who is clothed with authority to buy horses in north Missouri and ship them to his principal in East St. Louis, must of necessity have authority to bind his principal for feed and care of the horses.

ELLISON, J.—This is an action founded on a petition of several counts and may be stated to involve the validity of several claims against defendant which have been assigned to plaintiff. The judgment in the trial court was for plaintiff.

The case was originally brought against defendant and one Enberg in which the liability of defendant was sought to be fixed by reason of the acts of Enberg as his agent. At the close of the trial and before the case was finally submitted plaintiff dismissed as to Enberg. The defendant resided in St. Louis and Enberg in Linn county where the action was brought. Service was had by serving summons on Enberg in Linn county and by serving summons on defendant in St. Louis. The petition was based on an alleged right to hold Enberg as agent and defendant as an undisclosed principal in the same action. A demurrer thereto was filed and overruled and defendant then answered over to the merits and went to trial. There was evidence tending to support the charge that defendant was principal for Enberg and we need only look to the legal phase of the case as it has been presented.

It is insisted that there was no cause of action stated in that it was sought to hold both the agent and the undisclosed principal in the same petition; and that defendant, residing

in St. Louis, Missouri, and the case being dismissed as to Enberg, the only resident where the suit was brought, the court had no jurisdiction over the person of defendant. If no cause of action was stated, it arose from the fact of a misjoinder. Therefore the defect was more in the nature of a misjoinder or defect of parties than from a lack of statement of a cause of action. When the case was dismissed as to Enberg it left a cause of action stated against defendant. But as defendant was a non-resident and not being found in Linn county, plaintiff could not, as an original proposition, maintain a personal action against him there. At the same time there was nothing to prevent him from waiving this right to assert non-jurisdiction and submitting himself to the jurisdiction of that court. And this he did by answering the petition and going to trial, without objection to jurisdiction. Meyer v. Broadwell, 83 Mo. 571; Pry v. Railway, 73 Mo. 123; Peters v. Railway 59 Mo. 406.

It is contended that the court erred in modifying instruction 9 for defendant, in reference to the counts of the petition for borrowing money, by adding to the proposition, that defendant was not liable for borrowed money unless he authorized Enberg to so borrow, the words, "unless the money was necessary to carry on the business of buying horses." The money borrowed was for feed for and care of the horses after purchase and before shipment to defendant. Money for such purpose was necessarily included in the authority to buy the horses and no error was committed. These remarks dispose also of the objection to the modification of instruction 15.

It is conceded that there was error in including interest on the claims which accrued before suit was brought, since there was no demand. This excess amounts to $26.50 and is remitted by plaintiff. General objection was made to the instructions which allowed the excess.

An abstract of much less proportion than the one furnished here would have been ample to have called attention

·to this error ·and hence we have concluded to divide the costs of the appeal equally between the parties. The judgment will therefore be affirmed less the $26.50 excess of interest and costs will be divided as stated. All concur.