# LOUIS R. REIFSCHNEIDER, Respondent, v. H. W. BECK, Appellant.

**St. Louis Court of Appeals. Argued and Submitted April 7, 1910. Opinion Filed May 31, 1910.**

1. **REFERENCE: Involved Accounts.** A suit for work and material in erecting buildings was properly referred, with or without consent of the parties, where it involved the examination of a very long account with which it would have been difficult for a jury to deal intelligently.

2. **APPELLATE PRACTICE: Review of Referee's Finding.** An appellate court may, on motion of either party, review a referee's findings, and affirm or reverse the judgment in whole or in part.

3. **———: Conclusiveness of Finding on Conflicting Evidence.** A finding by a referee selected by the parties will not be disturbed on appeal, where it is based on conflicting evidence and has been affirmed by the trial court.

4. **CONTRACTS: Suit May be Brought on Quantum Meruit, Although Express Contract Exists: Measure of Recovery.** One who has furnished work and labor under a contract fixing the price may abandon the contract and sue on a *quantum meruit* or *quantum valebat,* but the measure of recovery would be the amount stated in the contract.

5. **———: Action on Contract: Pleading: Recovery Confined to Theory Pleaded.** One suing on a special contract must recover on it or not at all, and, conversely, where one sues on a *quantum meruit* or *quantum valebat* he cannot recover on a special contract.

6. **———: ———: ———: ———: Amendment: Conforming Petition to Evidence.** Under the Statute of Jeofails (section 657, Revised Statutes 1899) authorizing the amendment of pleadings, etc., before judgment, in furtherance of justice, it was not prejudicial error to allow one who sued on a joint contract to dismiss as to one of the two defendants and amend so as to show single liability of the other, after the referee's report, to conform to the evidence, where the answers pleaded that one of the defendants acted as agent for the other.

7. **———: ———: Assumpsit: Joint Liability.** In an action for labor performed and material furnished, under allegations in the petition that the labor was performed and the materials were furnished at the instance and request and for the use and benefit of two defendants, the action may be one of joint assumpsit.

8. **PARTIES: Misjoinder: When to be Raised by Answer.** A misjoinder not apparent on the face of the petition can be taken advantage of by answer only.

9. ————: ————: **Waiver.** Under section 602, Revised Statutes 1899, misjoinder of parties is waived unless raised by demurrer or answer.

10. **JURISDICTION: Over Person: Lack of, Waived by Appearance.** Where the suit as to the defendant served in the county was dismissed, the remaining defendant who was served outside the county waived the right to question jurisdiction over him by subsequently appearing, pleading, and participating in the trial on the merits.

Appeal from St. Louis County Circuit Court.—*Hon. John. W. McElhinney,* Judge.

AFFIRMED.

*George F. Beck* for appellant.

(1) Where the allegation of the cause of action or defense to which the proof is directed is unproved, not in some particular or particulars only, but in its entire scope and meaning, it shall not be deemed a case of variance, but a failure of proof. R. S. 1899, sec. 798. (2) A cause alleged to be based on a joint and several contract cannot be sustained by proof of a cause founded on the separate contract of one of the alleged joint promisors notwithstanding the provisions of section 892, R. S. 1899. Myers v. Railroad, 120 Mo. App. 288; Timber Co. v. Railroad, 180 Mo. 420; Davis & Rankin v. Creamery Assn., 63 Mo. App. 477; Bank v. Campbell, 34 Mo. App. 45; Hempstead v. Stone, 2 Mo. 65; Erwin v. Devine, 24 Ky. (J. J. Marsh), 204; Gamble v. Kellum, 97 Ala. 677; Black v. Struthers, 11 Iowa 459; Murray v. Davis, 6 Jones (N. C.) 341; Thompson v. Tenn., 100 Ga. 234; Rohr v. Davis, 9 Leigh (Va.) 30. (3) An amendment which changes the cause of action upon a joint contract, to a cause of action upon a several contract, constitutes an entire change in the cause

of action, which is not permissible. Slaughter v. Davenport, 151 Mo. 26; Pattison's Code Pleading, sec. 974; 1 Am. and Eng. Ency. of Pl. & Pr., p. 586; Heman v. Glann, 129 Mo. 325; Lumkin v. Collier, 69 Mo. 170. (4) The finding of the referee that plaintiff contracted to erect a barn for defendant and furnish the material therefor is inconsistent with plaintiff's cause of action based on a sale and delivery of material, and destroys the claim on which his suit is brought. King v. Campbell, 107 Mo. App. 496; King v. Brockschmidt, 3 Mo. App. 571. (5) Where an action involves the examination of a long account, the court may order a trial before a referee without the consent of the parties. Roth v. Wire Co., 94 Mo. App. 236; Bank v. Owen, 101 Mo. 558; Tobacco Co. v. Walker, 123 Mo. 662; Raines v. Lumpee, 80 Mo. App. 203. (6) Where the case is one for compulsory reference, although the case has by agreement been submitted to a referee, the trial court may on motion of either party review the findings of the referee and the appellate court may review the findings and affirm or reverse the judgment of the circuit court in whole or in part. Williams v. Railroad, 153 Mo. 487; Roth v. Wire Co., 94 Mo. App. 236; Caldwell v. Wright, 88 Mo. App. 604; Ely v. Ownby, 59 Mo. 437; Cahill v. McCornish, 74 Mo. App. 609; Raines v. Lumpee, 80 Mo. App. 203; Bernard v. Mott, 89 Mo. App. 403; Tobacco Co. v. Walker, 123 Mo. 662; Utley v. Hill, 155 Mo. 232; Lack v. Brecht, 166 Mo. 242; Bond v. Finley, 74 Mo. App. 22; Raines v. Lumpee, 80 Mo. App. 203; Barnard v. Mott, 89 Mo. App. 403; West v. Bank, 110 Mo. App. 490. (7) Where parties agreed orally upon the terms of a contract and with the understanding that it should afterwards be put in writing, the contract was an oral one and became effective from the time of the agreement, and the writing was unnecessary to make it effective. Hudson v. Rodgers, 121 Mo. App. 168; Riggins v. Railroad, 73 Mo. 598; Green v. Cole, 103 Mo. 70. (8) If rescission be relied upon as a de-

fense to a contract, it must be specially pleaded. Proof of the fact will not be admitted under a pleading which only denies the making of the contract and avers a breach of it. Riggins v. Railroad, 73 Mo. 598. (9) In a suit upon a *quantum meruit,* if a specific contract is developed on the trial, it will control and limit the amount of the recovery, and that recovery is for the value of the services rendered, not to exceed the contract price. Heman v. Improvement Co., 58 Mo. App. 480; Linnenkohl v. Winkelmeyer, 54 Mo. App. 570; Williams v. Railroad, 112 Mo. 463; Yeats v. Ballentine, 56 Mo. 530. (10) The law implies that all work is to be done in a workmanlike manner, although the contract is silent upon the point. Even the fact that the price agreed upon was grossly inadequate or that the defendant saw the work done and had benefited thereby will not modify this rule. Lloyd on Building Contracts, sec. 29. (11) The owner of a house is not bound to leave it vacant, after the builder has done his work, merely because he claims that the work was insufficiently done. If he takes possession, he is not therefore precluded from any differences arising from the insufficient character of the work, that he may have to a suit by the builder for his pay. Eberly v. Curtis, 5 Mo. App. 595; Boteler v. Roy, 40 Mo. App. 234; Light & Heat Co. v. Daud, 47 Mo. App. 439; Lloyd, Building Contracts, sec. 29; Mohney v. Reed, 40 Mo. App. 99.

*D. C. Taylor* and *J. C. Kiskaddon* for respondent.

(1) Neither the dismissal as to one of the defendants, or the filing of an amended petition, changed the cause of action. Where substantially the same evidence is required to support the two petitions, and the same judgment may be rendered, there is no change in the cause of action. Grigsby v. Barton Co., 169 Mo. 221; Harrison v. Murphy, 106 Mo. App. 465; Goldsmith v. Holland, 182 Mo. App. 597; Stewart v. Van

Horn, 91 Mo. App. 647; Hall v. Railroad, 80 Mo. App. 463; Pence v. Gabbert, 70 Mo. App. 201; Howard v. Shirley, 75 Mo. App. 150. (2) When it was discovered on the trial of the case that Chas. J. Beck was only the agent of the defendant H. W. Beck, and the court allowed plaintiff to dismiss as to Chas. J. Beck, and when, after hearing the whole case without objection being made to the petition, the court permitted the petition to be amended by inserting an allegation material to the case, there was done what the following statute expressly authorizes: "The court may at any time before final judgment in furtherance of justice, . . . amend any . . . pleading, . . . by striking out the name of any party, . . . or by inserting other allegations material to the case, when the amendment does not change substantially the claim . . . by conforming the pleading . . . to the facts proved." R. S., sec. 657; Goodman v. Kahoka, 100 Mo. App. 278; Goldsmith v. Holland, 182 Mo. 597; Howard v. Shirley, 75 Mo. App. 150; Cagle v. Ins. Co., 78 Mo. App. 431. (3) The petition in an action against an agent and his principal is only defective as to parties, and when, during the course of the trial, plaintiff dismisses as to the agent, there is still left in the petition a cause of action against the principal. Rider v. Kirk, 82 Mo. App. 120. (4) Where an agent and principal are jointly sued, and the principal is a non-resident of the county in which the suit is brought, and during the trial the action is dismissed as to the agent, the court still has jurisdiction of the non-resident principal, he having answered without specially setting up his non-residence as a defense. Rider v. Kirk, 82 Mo. App. 120; Meyer v. Broadwell, 83 Mo. 571; Pry v. Railroad, 73 Mo. 123; Peters v. Railroad, 59 Mo. 406; Orear v. Clough, 52 Mo. 55; Griffin v. Vanmeter, 53 Mo. 430.

STATEMENT.—The plaintiff commenced this action in the circuit court of St. Louis county, stating in his

petition that H. W. Beck and Chas. J. Beck, who were named as defendants, are justly indebted to him in the sum of $1112.78, for lumber, etc., sold and delivered to defendants upon their farm in St. Louis county, at defendants' instance and request, and for their use and benefit, and for work and labor furnished defendants for their use and benefit and at their request upon certain buildings erected by defendants upon their said farm. Judgment was asked for that amount and for costs. Attached to the petition was a long account embracing over fifty items.

The defendants answered by a general denial. Thereupon the cause was referred, by consent of the parties, Wm. F. Broadhead, Esq., being appointed to hear and determine all the issues therein involved, who thereafter duly qualified as such referee by taking the oath as required by law. After the reference defendants, by leave of court, filed an amended answer to the plaintiff's petition, which it is not necessary to set out further than to say that after a general denial, it set up that Chas. J. Beck, as agent for the defendant H. W. Beck, had entered into a certain oral contract or agreement with plaintiff whereby the plaintiff agreed to build for H. W. Beck a certain frame barn on the farm of defendant H. W. Beck, the agreement setting out what plaintiff was to furnish and what the defendant H. W. Beck was to furnish, and that the plaintiff should receive for the materials and work and labor on the barn the price and sum of $737. It then goes on to specify matters and items in which the plaintiff had failed to comply with the contract or had furnished defective material and which defendant H. W. Beck had been obliged to furnish to complete the barn, the total amounting to $405.50, and the answer concludes that by reason of the premises "these defendants say that defendants have been damaged in the sum of four hundred and five dollars and fifty cents ($405.50), and a cause of action therefor has accrued to him (sic) against said plaintiff, and for

which amount and costs, said defendants pray judgment against said plaintiff."

A reply, which was a general denial, was filed to this.

After the evidence had been submitted before the referee, the defendants, by consent on July 7th, filed a second amended answer, which was also a general denial and a repetition of the contract between plaintiff and defendant H. W. Beck, made through Chas. J. Beck, and the failure of the plaintiff to comply with the alleged contract; and for a second defense H. W. Beck set up the failure of plaintiff to do certain work and furnish certain material, etc., as before set out and claimed that H. W. Beck is damaged in the amount of $550, for which amount he asks judgment. The defendant Chas. J. Beck for a separate counterclaim, sets out that plaintiff owed him for meals furnished to hands in his employ in the amount of sixteen dollars, for which he asks judgment. There was a general denial as reply to this answer, and afterwards and before the referee filed his report, the plaintiff dismissed as to defendant Chas. J. Beck. At the conclusion of the hearing, the referee filed a report which he withdrew by leave of court, and afterwards filed an amended report, accompanied by a transcript of the evidence taken before him. In and by this report the referee allowed plaintiff $1111.78 less $14.30 allowed defendant on account of meals, finding a total due plaintiff of $1097.48. He further allowed defendant, on his counterclaim $95.90, disallowing the other items claimed by the defendant, in this way arriving at the amount in favor of plaintiff as $1001.58. He finds and reports that on the 20th of October, 1904, the plaintiff orally contracted and agreed with the defendant Henry W. Beck, through Chas. J. Beck, as his agent, to build for the defendant the frame barn mentioned in the pleadings, describing it, and "that many but not all of the details of plan, construction,

dimension and material were determined and agreed upon between them, in part orally and in part as shown by memorandum in writing and imperfect sketches, but that no specific detailed or accurate or entire plans, drawings, or specifications were drawn up for use in the construction of said barn, nor was any specific price agreed upon for building said barn, for the labor thereon, nor for the materials to be used, except for the cement to be used in the foundation; that some of the plans, as agreed upon, were changed by defendant during the progress of the work," etc., setting out generally what the agreement was as to the details of the work and its quality. He then finds that the building of the barn was commenced on the 20th of November, 1904, and the main part completed about a month thereafter; that plaintiff sold and furnished defendant the material as mentioned and charged in the account; that the materials were used for and entered into the construction of the barn and in the main were good, sufficient and suitable for the purpose and that the price charged for such material in said accounts was its reasonable value; that plaintiff furnished defendant the labor employed in the construction of the barn and the charges therefor are reasonable when reduced by the price of meals furnished by defendant to the men, as the referee had done in stating the account, and that the work done on the barn was in the main good and suitable for the structure, with the exception if the particulars for which credits were allowed defendant in his counterclaim. He then sets out the allowance on the counterclaim as above.

The defendants filed, separately, exceptions to the report, hearings on which were continued by the court from term to term until the May term, 1908. At that term and on the 29th of June, 1908, and pending a finding on the exceptions to the report, plaintiff having previously dismissed as to Chas. J. Beck, by leave of court filed his amended petition against H. W. Beck

alone, stating in this that it was filed by leave of court after the hearing of the cause before the referee and after the report of the referee and while the question of the approval of the report was pending before the court "for the purpose of supplying a defect in the petition and to make said petition conform to the facts proved." This amended petition then states that defendant, H. W. Beck, is indebted to plaintiff in the sum of $1112.78 for lumber, cement, etc., and for labor done at the request of defendant upon certain buildings being erected on the defendant's farm, the particulars of it being set out in the exhibit "A," before filed with the original petition; that each and all of the several charges are of the reasonable value of the items; that payments had been demanded and judgment is asked for the amount as before. The record states that thereupon and at the same time the court granted defendant leave to refile his second amended answer to the amended petition, and treated it as refiled, that being the answer filed July 7th, and granted leave and considered the reply of plaintiff to that as refiled, and at the same time the court overruled the exceptions of H. W. Beck to the referee's report and entered judgment in favor of plaintiff and against defendant for $1001.58 and costs. Defendant H. W. Beck in due time filed his motion for new trial which was overruled and exceptions saved and an appeal duly perfected to this court by him.

REYNOLDS, P. J. (after stating the facts).— While we have been favored in this case by an exceedingly elaborate and carefully prepared brief and argument on the part of the learned counsel for the appellant, the case is really within a very narrow compass. Whether the reference in this case was made in accordance with section 697, Revised Statutes 1899, by consent of the parties, is not clear. While there is no evidence of a written consent, it does appear that the parties appeared and agreed upon a referee and the

cause was thereupon referred to the person so agreed upon, under section 699, R. S. 1899, "to hear and determine all the issues involved therein." It was distinctively a case for a reference. It involved the examination of a very long account, which the court could have referred without consent. The testimony shows that it was of such a nature that it would have been almost impossible for a jury to have dealt with it intelligently. Therefore it falls within what appears to be the rule in such a case, that the appellate court may, on motion of either party, review the findings of the referee and affirm or reverse the judgment in whole or in part. [State v. Hurlstone, 92 Mo. 327, 5 S. W. 38; Williams v. Railroad, 153 Mo. 487, l. c. 485, 54 S. W. 689; Lack v. Brecht, 166 Mo. 242, l. c. 257, 65 S. W. 976.]

The errors assigned by the learned counsel, both by exception and by motion for new trial, save what is claimed to be an error of law to be hereafter referred to, are to errors of the referee in his finding on facts. No errors are here assigned on the admission or rejection of evidence. Included in the finding of the referee is a very important and material one, that there was no contract covering the whole construction, and no contract whatever between plaintiff and defendant Henry W. Beck or Chas. J. Beck as his agent, as to the price to be charged for the material furnished and work and labor performed. If that finding is supported by the testimony, and it being against the existence of a contract for the price, it strikes at the very foundation of one of the claims of plaintiff, namely, the claim of error as to a limited contract price.

We have read all of the evidence in the case. Reading that evidence, we find it flatly and irreconcilably contradictory on all matters in controversy. If we are to weigh it we are confronted with a situation in which we are at a great disadvantage. We did not have the witnesses before us. The referee had. He was selected by the parties. His report has been confirmed by a very

careful trial judge. Under these circumstances we do not feel warranted in disturbing that finding.

Defendant insists that the action is on a joint contract, a contract entered into by plaintiff with H. W. Beck and C. J. Beck jointly. The action as set out in the original petition is not on an express contract but on *quantum meruit* for the services and *quantum valebat* for the material furnished. It is an action in assumpsit, as it would be called if we preserved the common law forms of actions. Distinctively it is not an action upon an express contract. Whether this contract as set out in the original petition was a joint or several contract is not stated in that petition. Nor do we hold that it was necessary to use the word "joint," in declaring on a contract, whether express or implied. We will return to this question, as affecting plaintiff's right to dismiss as to one of the defendants, later. Assuming that an express contract had been proven which covered not only the details of the work and labor to be done and performed and material to be furnished, but also the price to be paid for these, plaintiff had a clear right to abandon this contract and sue in assumpsit, and if an express contract had been proven, notwithstanding the suit was not on it but on a *quantum meruit* or *quantum valebat*, the measure of the recovery by plaintiff would be the amount stated in the contract. The rule applicable to cases of that kind is well and accurately stated by Judge NORTONI, speaking for this court, in the case of Cozad v. Elam, 115 Mo. App. 136, 91 S. W. 434. Furthermore, it is the settled law of this State that where a party sues on a special contract he must recover upon that or not recover at all in that action; that having elected to stand upon a special contract he cannot recover for money had and received to his use or upon a *quantum meruit* for work and labor done or services rendered. [Cole v. Armour, 154 Mo. 333, l. c. 350, 55 S. W. 476.] This is settled by an unbroken line of authority. The converse of this proposition is,

that where a party sues on a *quantum meruit* or *quantum valebat,* he cannot recover on a special contract if one is proven.  As held in Cozad v. Elam, supra, while he cannot, having sued on an implied contract, recover on the express contract, on a contract being proven he cannot recover by way of damages more than the amount stipulated in the contract.  In the case at bar, applying these principles, it is found as a fact by the referee that while there was a contract between plaintiff and Chas. J. Beck, as agent of H. W. Beck, as to many of the items and details of the work, it did not cover the whole work and it did not fix or limit any price; he specifically finds that it did not limit or fix a price. Hence all the assignments of error to the allowance of more than the amount that the defendant claimed had been agreed upon by contract must fail, the referee having found that there was no contract limiting or fixing the price.

We find no error in the rulings of the referee on the exclusion or admission of testimony.  There is substantial evidence to support all of his findings and we are therefore without good cause to disturb his finding or the action of the circuit court in overruling exceptions to the report, unless there be some merit in the contention, which is so earnestly made and elaborately and learnedly argued by the counsel for the defendant, that plaintiff having sued both defendants, cannot afterwards dismiss as to one and recover as against the other, and hence that it was error to have allowed plaintiff to amend his petition on June 29, 1908, so as to sue in implied assumpsit against H. W. Beck alone, instead of H. W. and C. J. Beck, who were the original defendants.  H. W. Beck excepted to this amendment, which was made after the evidence had been taken and the report of the referee filed, in order to conform the petition to the evidence.  The two defendants originally sued had stated in their answers that C. J. Beck was but the agent of H. W. Beck, and H. W. Beck was the man who

really contracted with plaintiff to build the barn. Many cases are cited on the point that a party cannot sue on a joint contract and recover on a several one; that proof of a several contract will not sustain a petition declaring on a joint one. We have been cited to no case, however, which holds that if a plaintiff declares on a joint contract against two or more defendants and the proof shows a several contract, it is error to permit him to amend his petition to conform to the facts. That this amounts to a total change of a cause of action is contended by defendant's counsel, citing Slaughter v. Davenport, 151 Mo. 26, 51 S. W. 471; Pattison's Code Pleading, sec. 974; Am. and Eng. Ency. Pl. and Pr., vol. 1, p. 586.

We find nothing to support this or on this proposition in Am. and Eng. Ency. Pl. and Pr., in vol. 1, p. 586, and have not been able to find anything in Pattison's Code Pleadings, except a reference to Slaughter v. Davenport. What that case decided was that where there had been a promise to pay three persons jointly, one of them could not maintain an action on the promise but the action must be in the name of the three promisees. Regarding the Slaughter case it is to be observed that it was begun in a justice's court in the name of the three promisees and after appeal to the circuit court, the statement was amended by striking out the names of two promisees, leaving the action in the name of one only. The Supreme Court held it rightly brought in the first place and the amendment bad. A joint promise to two cannot be sued on by one, for the judgment would not be a good defense against an action by the other promisee. But what the court was considering in the Slaughter case was the statute regarding amendments of appeals from justices of the peace; and what was decided was that the amendment was a change of the cause of action within the sense of that statute; in other words the case stated by the amendment was not

the same cause of action originally instituted before the justice. We do not consider that case an authority for the proposition that an amendment of the petition cannot be allowed, if the petition was originally against two persons as obligors so as to make it against one only, the evidence showing that but one had obligated himself. Moreover, in the present case the defendants themselves had been pleading that very fact and certainly it was not prejudicial error to make the petition conform to what they had averred all along was the fact, inasmuch as they could not be misled by such an amendment.

It is true the petition does not allege a joint assumpsit, but it does allege the labor and materials were furnished at the instance and request of the defendants; that is, both of them, and for their use and benefit. That this may be a joint assumpsit is shown in the cases reviewed by appellant's counsel in the motion for rehearing.

In Crews v. Lackland, 67 Mo. 619, Judge SHERWOOD, commenting on an instruction which set out that the defendants were sued as partners and that the burthen of proof on this point is upon the plaintiff and that unless the jury are satisfied from the evidence in the case that at the time of the alleged making of the alleged contract, the defendants were partners, then the verdict must be for the defendants, said that at common law it is clear that this instruction should have been given but that our statute, referring to what is now section 624, Revised Statutes 1899, had altered the rule of the common law and that the section is applicable to suits against partners as well as to suits in which there were more than one defendant.

"It is difficult to see," in this case, as was said by our Supreme Court in the Slaughter case, and as was done in Rider v. Kirk, 82 Mo. App. 120, the case having been dismissed as against Chas. J. Beck before final submission and before the report of the referee

and before confirmation of that report, "how the dismissal of it as to him could in any way change the cause of action."

It appears very clearly by the evidence in the case, that Chas. J. Beck was the party with whom all the transactions connected with the building of this barn were had. It is probably true that plaintiff knew that the barn was to be erected on a farm owned by Henry W. Beck. It is true that what is claimed to have been the bid or proposal of plaintiff for doing the work is in the name of H. W. Beck. Notwithstanding this, there was nothing to indicate that Chas. J. Beck, who was living upon the farm alone—that is Henry W. Beck does not appear to have lived there—might not have been erecting the barn for his own use and was to pay for it. It might have been, from anything that appears in the testimony, that Chas. J. Beck was the agent of an undisclosed principal, or it might have been that he was acting for himself or with his father in the erection of a barn on his father's farm. The evidence tends to convey the impression that this barn was to be used for the sheltering of stock which that same evidence seems to indicate it was being raised by Chas. J. Beck, and was his own property. The bargaining was with Charles alone, and the father does not, save in name, appear in the transaction at all. He does not appear to have been on the premises or looked after the construction even when his son was laid up with a broken limb and unable to leave the house. Under these circumstances it would be a harsh rule to say that because plaintiff proceeded against both the principal and the agent, that when he discovered that the facts set out in the answer and as developed at the trial were that Chas. J. Beck was the mere agent of his father, Henry W. Beck, in the erection of this barn, and that fact was discovered before final judgment in the case, that the plaintiff should not be allowed to dismiss as to the agent and go out of court when conforming to the proof in the case, he dismissed

as to the agent. Surely it would be a refinement of technicality and not in furtherance or promotion of substantial justice, or to the making an end of litigation, to require this. More especially so, when the interests of no one were affected, the rights of no one disturbed or even jeopardized, no one surprised or denied or deprived of any substantial defense. It is surely not justice that at the end of a long and expensive hearing, a plaintiff should be thrown out of court merely because, out of abundant caution and evidently in ignorance of the real facts, he had united the principal and agent in a suit for the recovery of the value of material and of services and labor rendered on the express order of the agent himself. We do not believe that any such naked technicality should be tolerated in any court, nor do we find that in any case in the courts of our State, any such rule has been recognized, under such facts as were developed in this case, and applied as sufficient reason for throwing a plaintiff out of court. It is furthermore to be observed that the objection of the defendant to the misjoinder of parties was in no manner raised in this case until the report of the referee had come in and was before the court for its action. The misjoinder of parties not appearing on the face of the petition, it could be taken advantage of only by answer. If the misjoinder of parties is not raised by demurrer or answer, it is waived. [R. S. 1899, sec. 602.] It is true that defendant in his amended answers set up the fact that the contract was with plaintiff in behalf of Henry W. Beck, made through Chas. J. Beck, as his agent. But this defense was not set up by way of objection for misjoinder of parties nor in abatement or even in bar of the action but was set up in support of what was alleged to have been the real contract between the plaintiff and the defendant H. W. Beck, through his agent, Chas. J. Beck. The answers, as amended, went further and set up a counterclaim of Chas. J. Beck as against this plaintiff on a demand alleged to have arisen out of this

same transaction.  In this state of the record we would
feel that we were doing rank injustice if we sustained
defendant in the position which he now takes, and
should hold, that by having dismissed as to Chas. J.
Beck, plaintiff necessarily went out of court as to his
whole action.  We decline to take any such ground.

Under the Statute of Jeofails, Revised Statutes
1899, section 657, it was entirely competent for the
court on the coming in of the report of the referee and
before final judgment and in furtherance of justice, to
allow the dismissal and the amendment, all done to con-
form the pleadings to the facts proven.

The point is made, that in dismissing as to Chas.
J. Beck, the court lost jurisdiction against Henry W.
Beck by reason of his being a resident of the city of St.
Louis and not of St. Louis county, service in the county
having been had on Chas. J. Beck alone, Henry W. Beck
having been served outside of the county.  This objec-
tion is disposed of by the statement, that no such point
was made in the lower court.  Henry W. Beck appeared
and answered to the merits.  Without any objection so
far as appears by the record in the case, after the dis-
missal of the cause as against Chas. J. Beck, Henry W.
Beck pleaded, appeared and made motions going to the
merits and participated in the trial of the cause without
suggestion of lack of jurisdiction of the court over his
person.  If that jurisdiction was lacking originally, as
it was merely to the person and was a personal privilege
of the defendant, Henry W. Beck, he waived it by his
action and by his failure to raise it in apt time.  This
is so fully covered by the decision of the Kansas City
Court of Appeals in Rider v. Kirk, supra, a case in this
particular feature almost parallel to the case at bar,
that it is unnecessary to dwell on it.

Finding no error in the record of proceedings to
the real prejudice of the defendant, the judgment of the
circuit court is affirmed.  All concur.