## JAMES B. JOHNSON, Respondent, v. THOMAS W. CORLEY'S ·ADMINISTRATRIX, Appellant.

**St. Louis Court of Appeals.   Argued and Submitted January 15, 1913.   Opinion Filed June 3, 1913.**

1. **SPECIFIC PERFORMANCE: Parties: Nonjoinder.** Where the plaintiff and the defendant in an action which had been referred entered into a stipulation, whereby it was agreed that the testimony should be taken in shorthand by a stenographer and afterwards written out, and that the original transcript should be filed with the referee and the fees therefor should be taxed as costs in the case, the plaintiff could not maintain an action against the stenographer to compel him to file the original transcript with the referee, in accordance with the contract, since the defendant was a party to the contract and hence should have been made either a party plaintiff or a party defendant, as provided by Secs. 1731, 1732, R. S. 1909.

2. **COSTS: Liability of Parties: Prepayment.** Parties litigant incurring costs are primarily liable to the officer who renders the service, and the law does not prevent the officer from demanding payment for his services before they are rendered, unless security be given for the costs, or the. plaintiff be suing as a poor person.

3. **ATTORNEY AND CLIENT:. Authority of Attorney.** An attorney has implied authority to bind his client by an agreement with the other party litigant that each is to pay a certain proportion of the stenographer's fees for preparing a transcript of the evidence.

4. **RES ADJUDICATA: Ruling on Motion.** Where the plaintiff in an action which had been referred filed a motion in the court in which the action was pending to compel the stenographer who took the testimony to file a transcript therof with the referee, and this motion was overruled, such ruling precluded, an action in equity by the plaintiff for the same relief, on the ground of *res adjudicata*.

5. **COURT STENOGRAPHERS: Specific Performance: Compelling Filing of Transcript: Facts Stated.** The plaintiff and the defendant in an action which had been referred entered into a stipulation, whereby it was agreed that the testimony should be taken in shorthand by a stenographer and afterwards written out, and that the original transcript should be filed with the referee and the fees therefor should be taxed as costs. The stenographer refused to file the transcript until the plaintiff paid him one-half of his fees therefor, claiming that,

by a subsequent agreement between him and the parties to the cause, it was agreed that each of the parties would pay him one-half of his fees when the work was finished. Plaintiff brought an action in equity to compel the stenographer to file the transcript, and the stenographer set up, by way of counterclaim, a demand for one-half of his fees, in accordance with the alleged subsequent agreement. Plaintiff in his reply denied making any such agreement. Pending the appeal, the stenographer died, and the cause was revived in the appellate court against his administrator. *Held*, that the evidence disclosed that the subsequent agreement was made, and hence the trial court erred in granting plaintiff the relief prayed for and denying the stenographer the relief prayed for in the cross-complaint; *held, further*, that the trial court should be directed to enter judgment for the administrator in the amount of one-half of his intestate's fees, and that upon the payment of such amount into court, the administrator be ordered to turn over the transcript to the referee.    •

[NORTONI, J., dissents.]

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm,* Judge.

REVERSED AND REMANDED (*with directions*).

*Schnurmacher & Rassieur* for appellant.

Plaintiff is not entitled to the relief prayed for for the following reasons: (1) Even if there had been no express agreement to pay the stenographer employed by the referee, at the instance of the plaintiff, the stenographer would still be entitled to demand his compensation before being compelled to turn over the transcript. The stipulation entered into does not relieve plaintiff from his primary liability. (2) But the parties in the case of Johnson v. Conrades entered into an express supplemental agreement with Corley to pay him for his stenographic services before he should be required to file the transcript with the referee. The condition precedent to plaintiff's being required to pay was substantially carried out and plaintiff is bound by the agreement made by his attorney of record. Williamson v. Bosbyshell, 14 Mo. App. 534;

26 Am. & Eng. Ency. Law (2 Ed.), p. 778. (3) If plaintiff's attorney agreed with the stenographer that he should be paid for his services before being required to file his report, then the stenographer had the right to insist upon such payment before filing the report, and he was not required to file the report and take chances on the ultimate outcome of the litigation. 26 Am. & Eng. Ency. Law, p. 779; State ex rel. v. Wofford, 126 Mo. 435. (4) Plaintiff in this suit seeks specific performance of a mere stipulation entered into between the parties to the cause. If such a stipulation can be specifically enforced by an independent proceeding in equity, then the action to compel specific performance must be brought by all the parties with whom the contract was made. One of them only cannot recover thereon. It makes no difference whether it be deemed several or joint. All the parties with whom a contract is made must sue for the breach thereof. Parks v. Richardson, 35 Mo. App. 192; Culver v. Smith, 82 Mo. App. 390; Lemon v. Wheeler, 96 Mo. App. 651; Slaughter v. Davenport, 151 Mo. 26, 31; 36 Cyc. 769. (5) The record shows that plaintiff sought by rule, filed in the case of Johnson v. Conrades to compel Corley to file the transcript. Corley pleaded the supplemental agreement under which he was entitled to insist upon being paid in advance. Issue was joined and there was a finding for Corley. That court refused to require the transcript to be filed until Corley was paid. No appeal was taken from that order—hence that action of the court between plaintiff and Corley is *res adjudicata*. Haughawout v. Royse, 122 Mo. App. 72.

*John A. Gilliam* for respondent.

(1) Upon the stipulation being entered of record that the stenographer's fees should be taxed as costs in the case the stenographer became *de facto* an officer

of the court, and was bound to file the abstract with the referee, and await his pay after the costs were taxed, even if he had to await an execution. Trail v. Somerville, 22 Mo. App. 314; Conroy v. Frost, 38 Mo. App. 354. (2) Corley's claim that Gilliam made an oral agreement with him which superseded the record stipulation will not be recognized and is directly in conflict with Rule 17 of the Rules of Practice of the circuit court, city of St. Louis, Missouri, as follows: "No agreement, understanding or stipulation of parties of their attorneys concerning any pending cause, or any matter or proceeding therein, will be recognized or enforced by the court unless made in writing and filed in such cause, or made in open court." (3) The hearing on the motion before Judge Lee is not *res judicata* and the motion was not appealable. 23 Cyc. 1224; State ex rel. v. McElhinney, 145 S. W. 1139.

REYNOLDS, P. J.—Plaintiff brought this suit, alleging that he had begun an action in the circuit court of the city of St. Louis, the action still pending and undetermined, against a large number of defendants, the title of the action being James B. Johnson, plaintiff, v. Edwin H. Conrades et al., defendants, and numbered 42849, series A, in the causes of that court. In the progress of the cause Rhodes E. Cave, Esq., an attorney at law, was duly appointed referee by the division of the court in which the cause was pending, Division No. 9. The hearing coming on before the referee, one Thomas W. Corley was appointed by the referee to stenographically report and extend in typewriting the testimony taken in the cause before the referee, the following stipulation being entered of record in the case:

"Stipulation: It is hereby stipulated and agreed by and between the parties hereto that the testimony in this case may be taken in shorthand by a stenographer and written out and the original thereof filed

with the referee to be used as and for the testimony taken before the referee in this cause, and the costs thereof to be taxed as costs in the case.''

This stipulation was entered into and entered of record before the referee prior to the taking of any testimony. It is further alleged in the petition in the case now before us, that it was then and there orally agreed that the stenographer's fees for writing out the testimony should be forty cents per page of three hundred words, and certain of the parties to the cause, plaintiff and defendants, agreed to take carbon copies of the testimony at ten cents per page, which sum, it is averred in the petition, the plaintiff had paid for a carbon copy of the testimony which was furnished him. Averring that Corley, the defendant, had accepted the appointment as stenographer by the referee and had accepted the stipulation as to the method of his compensation, it is averred that he had proceeded to take down the testimony in the case and to typewrite it, the testimony before the referee being closed about July 8, 1908, and defendant Corley delivered the typewritten copy of it to the referee. None of the parties had then paid him anything for this work. Thereafter the referee filed this typewritten copy in court along with his findings of facts and conclusions of law. Afterward the judge of the court in which the cause was pending sustained the report of the referee in greater part, but ordering some changes of findings, and some amendments being made in the pleadings, the case again went back to Mr. Cave on a rereference. At this second or resumed hearing before the referee, Mr. Corley again acted as stenographer, taking down all the testimony and the taking of testimony was completed on the 24th of March, 1910; that Mr. Corley reported to plaintiff's attorney that he had all the testimony typewritten, but stated that he would not file it with the referee until he was paid for his work on that and on the previous hearing, and refused to

file the testimony taken at this rereference, until he was paid for all his work. Subsequently the referee notified the attorney for plaintiff that he would file his report in the case but without the testimony taken on this second reference because Mr. Corley had refused to file his official copy of the testimony then taken. Averring that as under the law the referee's report was incomplete and could not be considered or acted upon or acted upon or approved by the court without the testimony taken on this second or rereference, as it is called, "plaintiff made demand on said Corley to file the testimony taken on said reference with the said referee," as it is averred in the petition. It is further averred that the amount demanded by the stenographer Corley of the plaintiff Johnson for his half of the cost of the transcript, namely, $274.90, was largely in excess of any sum that the court could tax in favor of Corley. Averring that he is without remedy for the wrongs except in equity and has no adequate remedy at law, the plaintiff asks that the defendant Corley be required to specifically perform his contract as evidenced by the stipulation and file the testimony taken by him on the rereference of the aforesaid cause with Mr. Cave, the referee in that cause, and that plaintiff be adjudged his costs in this case against Thos. W. Corley and have and obtain such other and further relief as to the court shall seem meet and proper.

The defendant Corley appeared and answered by a general denial and by the further averment that he was employed by the plaintiff and certain of the defendants to stenographically report and make a transcript of the evidence to be taken before the referee in the cause; that it was agreed between the defendant and the parties to the suit that defendant should receive forty cents per page of three hundred words for the transcript; that it was agreed between the defendant and the parties to the suit that the defendant's

fees should be taxed as costs, but that later on, on a date not stated, it was agreed between defendant on the one hand and the parties to the suit on the other, that the plaintiff should advance and pay to defendant one-half of the costs of the transcript and the defendants in the suit should advance and pay the other half; that the defendants did advance and pay their half as agreed but plaintiff had failed to pay his half although he had frequently promised to do so; that the transcript consists of 1374 typewritten pages of three hundred words each, making the total cost thereof $549.60, of which plaintiff had agreed to pay one-half, to-wit, $274.80; that subsequently, namely, on the 15th of November, 1910, plaintiff had filed a motion in the cause and in the court in which it was pending, for a ruling on the defendant requiring him to show cause why he should not be ordered to file the transcript; that the defendant Corley made return, alleging the above facts, namely, the plaintiff's agreement to pay one-half of the costs and his subsequent failure and refusal to pay the same, and thereupon such proceedings were had in the cause that the court in which the cause was pending, on the 9th of December, 1910, and during the December, 1910, term of the court, overruled this motion of plaintiff and discharged the ruling as to this defendant; that no appeal was taken by plaintiff from the order of the court and that the same had become and is now final.

By way of counterclaim or cross-bill defendant, setting up the facts as to the employment and the promise to pay one-half of the costs for the transcript, the completion of the transcript by defendant, and the demand on plaintiff for payment, prays judgment against plaintiff for $274.80, one-half of the costs of the transcript referred to, defendant closing with a prayer that any decree that may be entered may provide that the defendant should not be required to file the transcript until the amount adjudged due him from

plaintiff and the costs herein have been fully paid and for other relief.

A reply was filed to the answer, denying the allegations thereof and an answer to the cross-bill also being filed, to the effect that the defendant Corley had never had his costs taxed in the cause but had withheld from the record a great part of the testimony he had taken, "thereby obstructing the court in the trial of the said cause and violating his duty as stenographer of the referee in said cause." As a further answer to the cross-bill plaintiff avers that by retaining the testimony, the defendant Corley is attempting to coerce plaintiff into paying him exorbitant fees and fees which have never been taxed against either plaintiff or defendants in the main cause, and as further answer it is set up "that even if said Corley shall offer testimony that plaintiff promised to pay him money for the transcript in said cause said promise, if made, was without consideration," and if made as alleged was made without authority, was not in writing and is void under the Statute of Frauds. There was a general denial by way of reply to this answer.

The cause came on for hearing before the court, evidence was heard, and at the conclusion of the hearing the court entered a decree in and by which it ordered the defendant Thos. W. Corley, within ten days from the entering of the decree, to deliver the original transcript of the testimony taken on the last reference in the case of Johnson v. Conrades et al., to Mr. Cave, the referee, and that he pay the costs of the proceeding. On the issues on the counterclaim of defendant against plaintiff, the court found in favor of the plaintiff. A motion for new trial was filed by the defendant and on being overruled, defendant duly perfected appeal to this court. Pending the appeal here Thos. W. Corley died. The plaintiff suggesting that death, moved for a revivor against his legal representatives, suing out a *scire facias* against them to show cause

why the cause should not stand revived. This was duly served upon the administratrix of Thos. W. Corley's estate, she having been appointed in the meantime, and she has duly appeared herein.

Quite an amount of testimony was taken in the cause and has been brought before us by an abstract of it on the part of appellant and by practically a full and verbatim copy of it by the respondent.

The errors here assigned by counsel for the respondent are five, namely, that the trial court erred in admitting evidence in support of the petition; that it erred in entering a decree for plaintiff on plaintiff's petition and in granting him the relief prayed for; that it erred in entering judgment against the defendant on his counterclaim; that the decree is contrary to the evidence and the weight of the evidence and is contrary to the law; and that the trial court erred in overruling defendant's motion for a new trial.

We have set out verbatim the only stipulation which is of record. It will be observed that it was made and entered into between all the parties to the cause in which James B. Johnson was plaintiff and Edwin H. Conrades et al. are the defendants, the cause numbered 42849 then pending in room or division No. 9, then presided over by the Hon. Edwin W. Lee as judge. The parties to it agreed that the testimony in the case should be taken in shorthand by a stenographer and written out and the original thereof filed with the referee to be used as and for the testimony taken before the referee in this cause and that the costs thereof should be taxed as costs in that case. We can put no construction upon this other than a joint contract for the employment of the stenographer and a joint agreement by all the parties that his fees were to be taxed as costs in the case. It is this stipulation that the plaintiff here now stands on and is endeavoring to have enforced. So that at the very foundation of this action we are met with the difficulty

that one of the parties to this transaction is attempting to have this agreement enforced, and to that end has brought this suit in his own name, the other defendants in the cause neither joining in the suit as plaintiffs, nor being joined as defendants if they had refused to join as plaintiffs. They are parties to the contract, but are not parties to the action, although section 1731, of our statutes of 1909, in providing for such a situation, provides that "all persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs, except as otherwise provided in this article," and section 1732 provides that any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, "or who is a necessary party to a complete determination or settlement of the question involved therein." So that as far as concerns this original contract for the employment of the stenographer and the taxation of his fees as costs in the case, we are forced to the conclusion that the petition in this case is fatally defective and that all of the parties to the joint contract are not parties to the cause. We think that the principle underlying this proposition is well stated by our Supreme Court in Slaughter v. Davenport, 151 Mo. 26, 51 S. W. 471, and cases there cited. See, also, Reifschneider v. Beck, 148 Mo. App. 725, l. c. 737, 129 S. W. 232, where it is held that a different rule prevails as to defendants.

Turning from that, however, to the facts as developed in the case and returning to the consideration of the stipulation, it will be observed that while that stipulation provides that the costs of taking down the testimony in shorthand by a stenographer are to be taxed as costs in the case, there is nothing whatever in this stipulation providing for when those costs are to be paid. It may be said as to this that the presumption is that they are to be paid at the end of the litigation, that is, abide the result of the action and be

Johnson v. Corley's Admx.

paid by the losing party (Sec. 2263, R. S. 1909), unless in suits in equity, as is that in which this stipulation was entered, in the discretion of the court they are otherwise taxed. [Sec. 2275, R. S. 1909.] But that the taxation of costs is to abide the result of the litigation, does not directly affect or determine the question as to when they are to be paid. As we had occasion to notice in the case of State ex rel. LaRue v. Hitchcock, 171 Mo. App. 109, 153 S. W. 546, parties incurring costs are primarily liable to the officer who renders the service, and while we have in our practice and by law provided for securing the payment of costs by a bond or by a cash deposit, we know of no law that would prevent any officer of the court, unless the party plaintiff is suing as a poor person, and in the absence of security or a deposit for costs, from demanding payment for his services before rendition. As we have already said, this stipulation makes no provision whatever as to when these costs are to be paid; it merely provides that they are to be taxed as costs in the cause, the intention and idea being to make those charges which but for the stipulation could not be lawfully taxed as costs, taxable as such. That is all that this stipulation covers.

But it appears that outside of this stipulation, there was an agreement between the counsel for the several parties that the stenographer was to charge not to exceed forty cents per page of three hundred words each for the official copy, and that such of the parties as desired carbon copies were to pay ten cents a page for their carbon copies. These latter were delivered to those desiring to have them, plaintiff being one of them, and he paid for the carbon copy. It is claimed by plaintiff, and he introduced evidence to that effect, that there was no understanding as to when the work of the stenographer in writing out his notes and preparing the transcript was to be paid for; plaintiff claiming to stand on the stipulation and that he

was not to pay anything until the amount due for the transcript had been taxed up as costs, and even not then unless he lost the suit and was mulcted for costs. After careful consideration of the evidence we have concluded that there was a distinct understanding, either before the work was entered upon, or very shortly thereafter, between the defendant here and the attorneys of the parties to the main cause, that each party, treating Mr. Johnson, plaintiff in that cause as one party, and all of the defendants thereto as the other, that each party was to pay for one-half of these stenographer's fees when the work was done, and that the stenographer was not to be required to wait until the end of the litigation, and on that understanding Mr. Corley went on and finished up the work at both references, although on the conclusion of the first one he had handed over the transcript of testimony then taken without having been paid for it, and went on to report the testimony at the rereference. It is true that counsel for respondent here claims that he had only made this arrangement on the distinct understanding that all of the other parties to the cause made a like arrangement, and that it was subject to the approval of his client. He is contradicted in this latter by the referee and by the defendant. Both of these testify to assent by that counsel to pay the stenographer for one-half the cost of the transcript when the stenographer completed his transcript of the testimony and it was in shape to be delivered to the referee. That the other defendants have paid their half is clearly established.

It is said that counsel for plaintiff was without express authority from his client to make any such arrangement. He needed no such express authority. His relation to the case was sufficient to warrant the defendant in accepting his promise for his client—to believe that that promise was made by authority of the client. Unless this is so we would be put in the very

anomalous position of saying that before a stenographer or officer of the court or any other party, or a witness even, does any work, performs any service, in connection with the conduct of a case in court at the request and direction of the attorney, he must assure himself that the attorney has express authority from his client to make the particular arrangement or contract. That cannot be so. Litigation cannot be carried on on any such basis. The employment of the counsel, his active participation in the conduct of the case, was sufficient warrant to the stenographer to accept his assurance that his client would pay him for his work when finished; that assurance coming to him, as we find the preponderance of the evidence in this case shows, as having been given by counsel for the plaintiff, and on the faith of which the stenographer went on with and did the work. The promise was a valid one; so was the contract. [See Underwood Typewriter Co. v. Century Realty Co., 220 Mo. 522, 119 S. W. 400.]

Counsel for appellant claims that this is an action to compel performance of personal services. We think not. It is for delivery of work done. Both parties aver and admit that the stenographer has done his work and before his death had completed the transcript and was ready to deliver it when paid. It is to be assumed that the transcript is in possession of his administratrix as of the assets of his estate.

Another view of the case, to our minds, effectually bars plaintiff from recovery here: That is the fact, as established by the evidence in this case, that this same plaintiff sought this same relief, which he now seeks under color of a petition or bill in equity and as an independent action, by motion before the court in which the main action was pending. He there applied for an order upon the referee and upon this same stenographer to require the filing with the referee by that stenographer of this same transcript of the testimony

taken at the rereference. That motion was considered by that court, the motion overruled, and a preliminary order or rule to show cause why it should not be filed was vacated. That, we hold, was an adjudication between these parties of this identical question, of the identical subject-matter of the present action. That order of the court has never been vacated, set aside or modified; nor has any appeal been prosecuted from it. We hold it to be an effectual and complete bar to the right of this plaintiff to now renew practically the same application and maintain this present action. [See Haughawout v. Royse, 122 Mo. App. 72, l. c. 77, 98 S. W. 101.]

Without going into the case of the plaintiff here any further or noticing other points raised, we hold that plaintiff cannot have the remedy he seeks.

Turning to the counterclaim, we hold that the learned trial court erred in finding on that in favor of the plaintiff and against the defendant. Without going into the evidence any further than we have done in the matter, we think it clear that the plaintiff here, through his attorney, obligated himself to pay the stenographer for his work when it was completed—for one-half of the cost of reporting the testimony at both hearings before the referee. That work has been completed, the transcript finished ready to be turned over to the referee. So it is admitted. There is no question as to the agreement as to what was to be paid for it—that is, forty cents a page of three hundred words, each "party to the cause" to pay one-half. The evidence is conclusive as to the number of pages and words to the page and that the amount, figured on the basis of forty cents a page, is $549.60, from which must be deducted $62.80 for depositions and referee's report, leaving $486.80. One-half of this total is $243.40. For this amount plaintiff is liable to the administratrix of the estate of Thos. W. Corley.

The judgment of the circuit court is reversed and the cause remanded with directions to that court to enter up a decree dismissing the petition of plaintiff and enter up a judgment in favor of the administratrix of Thos. H. Corley for $243.40, and that the plaintiff be ordered to pay that amount into court, to be paid to the administratrix upon the referee in cause No. 42849, entitled Johnson v. Conrades et al., certifying to the court that the original transcript of the testimony taken before him in that cause on the rereference thereof to him, by Thos. H. Corley has been delivered to him by his administratrix or some one for her; the trial court to further order that upon the payment into court of the cost of the transcript, the administratrix be ordered to at once turn over said transcript to the referee in the above entitled cause No. 42849. The trial court will also tax the costs incurred in the circuit court in this particular matter and now before us against the plaintiff therein. *Allen, J.,* concurs in result. *Nortoni, J.,* dissents.

