*Bogart* vs. *Green and Rogers* — *Stollings* vs. *Sappington.*

## STOLLINGS *vs.* SAPPINGTON.

1. A party cannot recover in general *indebitatus assumpsit*, where there is an express contract, not rescinded or executed.

2. Where there is an open and subsisting agreement, a party is not at liberty to waive his contract, or convert it into a general *indebitatus assumpsit*.  Therefore, where the defendant received property of the plaintiff under a special agreement to sell the same, and account to the plaintiff therefor, or to return that part unsold, on application at the house of defendant, on or before a certain time, it was held, that the plaintiff could not waive the special agreement and sue in general *indebitatus assumpsit*, and that the defendant was not liable until a demand made according to the terms of the agreement.

## APPEAL from Davies Circuit Court.

EDWARDS, *for Appellant.*

1. The defendant sustained the character of bailee, and could not be held liable on the common counts.—1 Tomlins' Law Dic., 532 ; 1 Chitty's Plead., 373, 379.

2. The common counts will only lie where the contract is executed, and nothing remains to be done but the payment of the money, and where the special contract remains unperformed, even by default of the defendant, the declaration must be special.—1 Sand. Plead. and Ev., *67.

3. By the express terms of the instrument in evidence, the defendant could only be liable for the pills, not sold after demand made at the house of defendant, and no demand was proved.

4. Was the defendant bound to greater diligence in the custody of the pills than in that of his own property.—1 Sand. Plead. and Ev., 67, 132; 5 Mo. Rep., 97.

DUNN, *for Appellee.*

1. The time and place of payment of the money, or delivery of the medicine, being fixed by the instrument sued on, no demand by the plaintiff of the defendant was necessary, and it was incumbent on the defendant to show that he was ready and willing to pay the money, or deliver the medicine, according to the terms of the contract.— Cornelius *vs.* McDonald, 2 Mo. Rep., 56; Martin *vs.* Chauvin, 7 Mo. Rep., 280.

2. After the time of payment had elapsed, the instrument sued on imposed the same obligation upon the defendant as a promissory note, and as such it was properly admitted in evidence under the common counts.— 2 Starkie's Ev., 302.

NAPTON, *Judge, delivered the opinion of the Court.*

This was an action of assumpsit. The declaration contained four counts, to wit: "for money had and received; goods sold and delivered; for interest; and an account stated."

Plaintiff had judgment for $288.

On the trial, the plaintiff relied on the following paper:—

"State of Missouri — County of Ray.

" Received of Dr. John Sappington, of Saline county, Mo., by the hands of R. Hawpe, three hundred boxes of medicine, at one dollar and fifty cents each, amounting to the sum of four hundred and fifty dollars, which I promise to sell, and account to him therefor, or return those not sold on application at my house, on or before the first day of next January, subject to a deduction of twenty per cent. for my services in selling.— Given under my hand, this 28th May, 1838.

"JACOB STOLLINGS."

There was no proof of any application by plaintiff at defendant's house.

It is well settled, that a plaintiff cannot recover in general *indebitatus assumpsit,* where there is an express contract, not rescinded or executed.—1 Chitty's Plead., 133, and 2 Tuck. Com., 133; 11 John. Rep., 438.

Where there is an open and subsisting agreement, a party is not at liberty to waive his contract, or convert it into a general *indebitatus assumpsit.*

The defendant, by the terms of his agreement with the plaintiff, was at liberty to return the medicine, or its stipulated value, and he was in no event responsible until a demand was made.

The judgment of the Circuit Court will be reversed, and the cause remanded.