WARREN J. HILL v. J. C. CUNNINGHAM.

In the case of Allcorn v. Butler, this court decided that an attorney who had contracted with his client for a specific fee, and who performed services in pursuance of the contract, either himself or by other competent persons, could not be deprived of his right to the fee because his client saw fit to compromise the suit.

Where the attorney contracts with the client for a contingent fee to depend upon the result of the suit, if the client compromises the suit without consulting the attorney, and without the attorney's consent, then the attorney will be entitled to recover the whole amount of the fee, in like manner as if the contingency had transpired, upon which the payment of the fee was made to depend.

Cases might present themselves in which the attorney would not be permitted to control the suit, so as to prevent a compromise.

A return of a writ of attachment executed by taking possession of the property therein recited, as the property of the defendant, "levied in the presence of W. K. White, B. Browder and W B. Turnage," is sufficient under the statute, which requires the officer to declare, in the presence of one or more credible witnesses, that he attaches the property.

The return of the officer on a writ of attachment, may, by leave of the court, be amended so as to make it formal, or to state something additional to the statement of the return, as originally made. The officer cannot, as a matter of right, amend his return after it has been duly made ; but, in a proper case, the court will allow the return to be amended, and the amendment will relate back to the time when the original return was made ; and the amendment and the original will, if necessary to a proper understanding of the doings of the officer, be considered as one return.

On a *motion to quash*, it is not error to refuse to hear evidence to impeach the return of the officer on the writ, which, is sufficient on its face. The motion admits as true every thing appearing on the face of the papers.

Such objections to the proceedings as require the introduction of evidence to sustain them, can only be shown by plea.

APPEAL from Fayette. Tried below before the Hon. George W. Smith.

This was a suit brought by John C. Cunningham, as the assignee of Sanford C. Blanton, against Warren J. Hill, on the 1st day of January, 1859, for the recovery of thirteen hundred dollars, which the plaintiff alleged to be due to him as the holder and owner of two several contracts in writing, executed by the defendant to said Blanton in consideration of the services of the latter as an attorney-at-law in two certain suits therein described, which will more fully appear from the writings obligatory, which are as follows :   " This instrument witnesses that I have retained S. C. Blanton to assist the Messrs. Price in the prosecution of two suits which I have pending against James C. Echols, in the District Court of Fayette county, and have agreed to pay him, the said Blanton, a fee of five hundred dollars, and in the event of the recovery of all, or three-fourths of the property sued for, then I am to pay him the sum of eight hundred dollars. In testimony whereof, I have hereunto set my hand and affixed my seal, this 15th day of March, 1854."

                                      " WARREN J. HILL.   [ Seal. ]
   " Attest :
      " John Hunter."

   " Know all men by these presents, that, whereas, Messrs. L. F. & W. B. Price, and S. C. Blanton, Esq., have been heretofore employed by me to prosecute the suit of Warren J. Hill v. A. G.

Hill v. Cunningham.

Hill, for certain negroes alleged to belong to the estate of Martha Hill, deceased; and, whereas, there has been a trial of said suit in the Fayette District Court, at its Spring Term, 1856, and a verdict therein rendered for said A. G. Hill; and, whereas, I have resolved to appeal said suit to the Supreme Court of Texas: Now, therefore, should my said attorneys succeed in reversing the judgment of said District Court in said suit, and eventually securing to me, or my representatives, three-fourths of said negroes, &c., then, and in that event, I promise and obligate myself to pay my said attorneys (in addition to what I have already agreed to pay them) the further sum of one thousand dollars, to be equally divided between them. Given under my hand and seal this 4th day of April, A D. 1856.

"WARREN J. HILL."    [ Seal. ]

The suits referred to in the foregoing instruments were commenced against Echols as guardian of A. G. Hill, who, coming of age during their pendency, became the defendant, and the style was changed accordingly.

The plaintiff's petition alleged performance by Blanton of the duties incumbent on him under the first recited obligation, by the rendition of all necessary services as an attorney in behalf of the defendant, in and about the management, advice and assistance in said suits, and that their trial at the Spring Term, 1856, resulted in a verdict in favor of A. G. Hill, the defendant. That after the trial of one of the causes, said Warren J. appealed therein to the Supreme Court, in which court it has since remained therein pending and undecided. That in pursuance of the employment of said Blanton under the second contract, the latter employed his time, and gave his attention and services in the suit in the Supreme Court, from the date of the appeal up to the period of instituting this suit, yet the defendant, about the 25th day of December, 1858, without the knowledge or consent of said Blanton, entered into a compromise with said Albert G., whereby they fully settled all matters in controversy between them in the suit pending in the Supreme Court.

By reason of the facts stated, the plaintiff alleges that the de-

fendant is indebted to him in the several sums of money mentioned in the contracts, which he alleges were for a valuable consideration duly assigned and transferred to him by said ·Blanton, as appears by the endorsements thereon.

The plaintiff prayed that a writ of attachment issue against the property of the defendant, which was accordingly issued on the day of the date of filing the petition.

The plaintiff further alleged in an amended petition, that the two suits before referred to, pending in the District Court, involved the same matters between the same parties, and were before the taking of said appeal consolidated, and the result of the trial had in the District Court affected both alike, and that the merits of both were embraced in the cause pending by the appeal.

The defendant demurred to the petition, and answering to the merits admitted certain facts, and denied all other allegations of the petition; and for further answer pleaded, that if the alleged compromise was made, defendant entered into it because he was satisfied, from the delays and vexation which had been·involved in the litigation, which was commenced on the 7th day of September, 1853, the uncertainty of the result as shown by one mistrial, and two verdicts in favor of the defendant, and the probable future delay and harrassment incident to such a suit against his son, that it was his duty to himself and his family thus to compromise the same.

He also pleaded that a part of the demands of the plaintiff were contingent upon the success of the suit, and not recoverable, because the suit was never prosecuted to a successful termination.

And as to the fee stipulated in the second contract, he pleaded a failure of consideration, and alleged that said Blanton neither filed a brief, nor made an argument before the Supreme Court, nor rendered any services whatever in the Supreme Court as required to do by said contract.

The statement of facts shows that the compromise was made on the 25th day of December, 1858, between the parties themselves, and that the appeal was dismissed on the 3rd day of January, 1859.

Blanton attended the Supreme Court when the cause was pend-

ing, and when it was argued, and conferred and advised with the associate counsel in the case, but did not argue it.   George W. Paschal, an attorney at law, testified, that at the Fall Term of the District Court of Bastrop county, Larkin H. Price and said Blanton applied to him to assist them in arguing the case in the Supreme Court, and agreed to give him two hundred dollars for his services, which were accordingly rendered.

L. C. Price testified that Blanton and himself spoke to Paschal to assist them in the Supreme Court, that he was authorized by W. J. Hill to employ additional counsel, and engaged said Paschal on the terms above stated, "and told him that Warren J. Hill was able and would pay him the fee agreed on."

There was evidence in behalf of the plaintiff as to the services of Blanton in the District Court, which it is not necessary to state.   Price stated that he had no knowledge of the compromise until after it was made, and was not aware that Blanton had any information of the fact.   The defendant received in the compromise three negroes, and Albert G. Hill received the balance, which appeared to be seven with some increase.

The suit referred to in the second contract, was filed on the 7th day of December, 1853, was tried three times in the District Court, resulting in one mistrial, and two verdicts in favor of the defendant.

The appeal was perfected on the 12th day of April, 1856. The compromise was made on the 25th of December, 1858, and the case dismissed by virtue thereof on the 3rd day of January, 1859.   The sheriff made on the writ of attachment issued in this case the following return:   "Came to hand 1st January, 1859, and executed the same day by taking possession of negro man, Missouri, of dark complexion, very black, about 20 years old, valued at twelve hundred dollars, and negro girl, Frances, about 12 years old, a girl of dark complexion, valued at six hundred, and received the within bond of defendant 13th January, 1859."

Leave of the court being granted to amend the above return, the said sheriff on the 20th day of May, 1859, made the following amended return:  " Came to hand 1st day of January, 1859, and executed the same day, by taking possession of a negro man

named Missouri, of dark complexion, very black, about 20 years old, valued at twelve hundred dollars, and a negro girl named Frances, about 20 years old, of dark complexion, valued at six hundred dollars, as the property of Warren J. Hill. Levied in the presence of W. K. White, B. Browder and W. B. Turnage, and received the within bond of defendant, 13th January, 1859."

The defendant filed a motion on the 20th of May, 1859, to quash the attachment because the sheriff did not go to the house in which, or to the person in whose possession the slaves levied on were supposed to be, and then and there declare in the presence of one or more credible persons of the neighborhood that he attached said slaves under said writ of attachment.

After the making of the amended return by the sheriff, the defendant filed an amendment to his motion, and alleged that the sheriff never did declare at the time of the supposed levy, in the presence of the persons named in the amended return, nor of any other person, that he attached said slaves; and that said sheriff did not go to the house in which, or to the persons in whose possession the slaves were supposed to be, to make the levy, and that the persons named in the levy had no knowledge of the making of the levy.

On the hearing of the motion and amended motion to quash, the defendant offered to prove by the sheriff, and by W. K. White, one of the persons named in the sheriff's amended return, that the sheriff did not declare at the time of making his levy in the presence of said persons, or of any other persons, that he attached the property; that he did not go to the house in which, or to the persons in whose possession the slaves were supposed to be, to make the levy; and that the persons named in the return had no knowledge of the making of the levy, which proof the court refused to hear, and overruled the motion to quash the attachment.

A jury was waived and the cause submitted to the court. The demurrer to the petition was overruled, and the court sustained the exceptions of the plaintiff to the defendant's answer, so far as it sets up a failure of consideration as to the five hundred dollars, the certain fee named in the instrument first set out, and confined

Hill v. Cunningham.

the plea to the contingent fees claimed by the plaintiff, because the answer was not sworn to. Judgment was rendered for the plaintiff for the sum of $1300.

*W. G. Webb,* for the appellant.

*W. R. Jarmon,* for the appellee.

BELL, J.—In the case of Allcorn v. Butler, 9 Tex., 56, this court decided that an attorney who had contracted with his client for a specific fee, and who performed services in pursuance of the contract, either himself or by other competent persons, could not be deprived of his right to his fee, because his client saw fit to compromise his suit.

We are also of opinion that where the attorney contracts with the client for a contingent fee, to depend upon the result of the suit, if the client compromises the suit without consulting the attorney, and without the attorney's consent, then the attorney will be entitled to recover the whole amount of the fee in like manner as if the contingency had transpired, upon which the payment of the fee was made to depend. In such cases it would become the duty of the client to consult the attorney, and to obtain his consent to the compromise of the suit upon such definite agreement in relation to the attorney's fee as the parties might think proper to make.

We only mean to announce this as a general rule. Cases might undoubtedly present themselves in which the attorney would not be permitted to control the suit, so as to prevent a compromise, or in other words, where the attorney would not be permitted to continue the litigation to the injury of the client. In the present case, it is clearly shown that the suit was compromised by Hill without the knowledge of his attorneys, and we think the court below held rightfully that the attorney was entitled to recover the same fee which he would have been entitled to recover if the suit had proceeded to final judgment in favor of Warren J. Hill.

We are of opinion that the court below did not err in the rulings upon the motion to quash the attachment. The sheriff's re-

turn was almost identical with the return in the case of Morgan v. Johnson, 15 Tex., 568, which was held to be a sufficient return. It was also proper for the court to allow the sheriff to amend his return, so as to make it formal, or so as to state something additional to the statement of the return as originally made. Mr. Drake, in his work on Attachments, (sections 212, 213, 214 and 215,) says that as a general proposition every court may allow amendments of returns upon its process; and that applications to the court to permit such amendments to be made are always addressed to the sound discretion of the court. The officer cannot, as a matter of right, amend his return after it has been duly made. But in a proper case, the court will allow the return to be amended, and the amendment will relate back to the time when the original return was made; and the amendment and the original will, if necessary to a proper understanding of the doings of the officer, be considered as one return.

Upon a motion to quash an attachment for any defect, either in the writ, the bond or the return, every thing that appears upon the face of the papers upon which the questions arise, is admitted to be true; and none but a defect apparent upon the face of the papers can be reached by a motion to quash. Such objections to the proceedings as require the introduction of evidence to sustain them, cannot be shown upon a motion to quash. They can only be shown by plea. (See Wright v. Smith, 19 Tex., 297.) It follows, the return being sufficient on its face, that the Judge below did not err in refusing to hear evidence to impeach it, on a motion to quash.

There are no other questions in the case which we think it necessary to notice.

The judgment of the court below is affirmed.

Judgment affirmed.