———o———

IRA H. STOUT, Respondent, *vs.* ST. LOUIS TRIBUNE Co., Appellant.

1. *Practice, civil—Pleadings—Contracts—Common counts.*—Where work is done or services rendered under a special contract, and nothing remains to be done, except for the defendant to pay the money agreed on, the plaintiff can sue on the common counts in assumpsit.

2. *Practice, civil—Trials—Evidence—Quantum meruit—Contract produced—Liability of defendant.*—If a plaintiff sues on a *quantum meruit,* and yet the contract is produced on the trial, if any fact necessary to establish defendant's liability under the contract is not proved, the plaintiff cannot recover.

3. *Practice, civil—Trials—Evidence—Contracts—Justices' Courts—Circuit Court—Allegata—Probata.*—In trials in the Circuit Court on appeals from Justices Courts in actions of assumpsit, the evidence must prove the allegations necessarily made if the action had been first brought in the Circuit Court where pleadings are required.

### *Appeal from St. Louis Circuit Court.*

*C. M. Whitney,* for Appellant.

I. There being no evidence to support the judgment, it cannot stand even though no point had been raised by instructions. (Hunt vs. Leavenworth, 11 Mo., 629.)

II. The plaintiff could only recover for commissions (under his agreement with defendant,) on advertising bills collected before the institution of this suit, unless he affirmatively proved negligence on the part of the defendant in making such collections. (Hunt vs. City of Utica, 18 N. Y., 442; Baker vs. City of Utica, 19 N. Y., 326.)

*S. S. Merrill,* for Respondent.

I. We are not bound by the contract, because the defendant had violated it, and we sue on a *quantum meruit.*

II. If we are bound by the contract, having performed all of our part of the contract, and proved non-payment by defendant, we are entitled to recover, unless defendant proves performance on his part, or excuse for non-performance. Under the contract, and his custom at the time of making the contract, shown in evidence, which thereby became a part of the contract, (1 Greenleaf's Evidence, § 294,) it was his duty to collect the money; and he fails to show any attempt to do so, or excuse for not doing so.

VORIES, Judge, delivered the opinion of the court.

This action was brought before a Justice of the Peace, was brought to recover the amount of an account filed with the Justice for commissions charged to be due upon the amount

of certain, advertisements procured by the plaintiff for defendant, and to be published in its paper.

The different items of an account for commissions, together with the advertisements on which it was charged, were set out in two bills of particulars, in one of which the commission charged was fifteen per cent., and in the other twenty-five per cent.

The first bill of particulars showed advertisements in the aggregate to the amount of $958.77, upon which the commission was $143.82, which was credited with an amount paid of $66.85, balance claimed, $76.77.

The second bill of items bore date, 22nd day of January, 1870, and the items continued to March 10th, 1870. The aggregate of the advertisements charged for in that account, was $408; commission at twenty-five per cent. claimed, was $102; this was also credited with the sum of $68.75. Balance claimed was $35.25, making the whole amount claimed to be due $110.22.

A trial was had before the Justice, where the plaintiff recovered judgment for the full amount of the account. An appeal was taken from this judgment to the St. Louis Circuit Court, where judgment was again rendered for the plaintiff for the account, which judgment was affirmed in the court at General Term. Motions were made for a new trial in Special Term, and for a re-hearing in the court at General Term, each of which being overruled, defendant excepted.

The advertisements, for which commission is charged, up to the 22nd day of January, 1870, as charged in the first bill of particulars, were obtained under a verbal contract, by which the commission to be charged, was fifteen per cent. Those charged for after the 22nd day of January, 1870, were obtained under a written contract, and for which the price agreed to be paid was twenty-five per cent.

The plaintiff on the trial had in the Special Term of the St. Louis Circuit Court, offered and read in evidence a written agreement between plaintiff and defendant, dated 22nd day of January 1870, by which the defendant authorized the

plaintiff to solicit advertisements for defendant's newspaper, plaintiff taking such rates as defendant might direct. The "defendant to pay plaintiff twenty-five per cent as a compensation for procuring the same, on all advertising that the said Tribune Company or its representatives may accept on this contract." It was further agreed by said contract, that defendant would allow plaintiff to draw ten dollars each week, the amount so drawn to be accounted for as a credit on account of commission for the month the sum was drawn in, provided the commissions of the week amounted to such a sum; "all commissions to be paid to said Stout as the advertising accounts are paid into the office of said Tribune Co.,or to its agent, and that a settlement of commissions due said Stout shall be made on the first of each month of all business of the previous month." It was further provided by said contract as follows:

"5th. That the said Tribune Co., through its book-keeper or cashier, shall put down in the account books (to which this contract is annexed and made part of same,) in his own handwriting, on the day that they may be procured under this contract, all advertisements procured by said Stout, in which the amounts for advertisements are to be specified, and the amount also of the commission that there would be due thereon, and on the day they are paid, to specify the amounts opposite received therefrom, and specify the commission paid, when same is paid over to said Stout. 6th. This contract to take effect January 24th, 1870, and remain in force as long as may be mutually agreed upon. The old account under fifteen per cent. commission, to be settled as soon as the moneys therefor are collected."

The plaintiff also proved by his own evidence, that he had procured the advertisements named in his several bills of particulars, and that they amounted to the sums therein named, and that they were entitled to the credits therein named, and that the commission on the one bill was twenty-five per cent., and the other fifteen per cent. as therein named, and that the bill on which he charged twenty-five per cent., was made be-

tween January 24th and March 10th, 1870, that he had never waived commission in any case, had great difficulty in collecting his pay, went time and again and could not get it. This was all of the evidence given or offered on the part of the plaintiff.

The book-keeper of the defendant was examined on the part of the defendant, whose evidence tended to prove, that it was always understood by plaintiff, that his commission was not due until the pay for the advertisement was collected, that when plaintiff applied for money, his habit was to look at the books, and see what had been collected, and if no advertisement had been collected that no payment was made, that plaintiff never objected to this course; that this was the general rule, but that he sometimes paid plaintiff some in advance of the collections; that there was nothing due plaintiff for commission, when the written contract was made in January 1870; there was nothing due plaintiff for commission as none had been collected that was not paid for; that it was their custom on the first of each month to send out their accounts and try to collect. The witness testified that some of the amounts due for advertising which had been procured by plaintiff, had been collected since the commencement of this suit.

At the close of the evidence, the defendant asked the court to give the following instruction or declaration of law.

"The plaintiff is not entitled to a judgment for any collections made since the institution of this suit before the Justice, and is not entitled to judgment for commissions upon any advertisements not collected."

This instruction was refused by the court, and the defendant excepted.

The principal question for consideration in this court is, as to whether under the evidence in this case, this instruction was properly refused by the court. It is insisted by the plaintiff in this case, that his suit was not brought on the contract read in evidence, but was simply an action on an account to recover for the value of the services rendered, and that therefore

he was not bound to show that the defendants were liable to pay under the provisions of the contract. It is very true, that where work is done or services performed under a special contract, and the plaintiff has fully performed the contract on his part and nothing remains but a duty on the part of the defendant to pay the price agreed on, the plaintiff is not in such case bound to sue on the written contract, but may use the common counts in assumpsit, but still when the contract is produced on the trial, the plaintiff will be required to prove that he has performed the contract on his part, and that by virtue of the provisions of the contract, the defendant is required to pay the price agreed on ; if any fact, necessary to create a liability on the part of defendant to pay, is wanting, the plaintiff cannot recover.

By the contract read in evidence in this case, the defendant agreed to pay plaintiff for soliciting advertisements, twenty-five per cent. of the price of the advertisements secured. The plaintiff was to be paid ten dollars per week, provided the advertisements amounted to that sum in the week. The balance of the commission was to be paid to plaintiff, as the accounts for advertising were paid into the office of defendant, or to its agents, and that a settlement should be made of the accounts on the first of each month. It is further provided by the contract, that it shall take effect on the 24th day of January, 1870, and that the old accounts under the fifteen per cent. commission, were to be *settled as soon as the moneys therefor are collected*. If a lawyer should bring a suit on this contract in a court of record where formal pleadings are required, he would not expect to recover beyond ten dollars per week, unless he alleged in his petition either that defendants had collected money for the advertisements and refused to pay the plaintiff his commission thereon, or that it wrongfully failed or refused to collect accounts, which were on solvent persons, and could and would have been collected, but for the wrongful negligence of the defendant to do so, and even to collect the ten dollars per week it would have to be shown, that advertisements to that amount had been obtained during the week.

This suit having been brought before a Justice of the Peace where no formal pleadings are required, those facts must appear from the evidence or he cannot recover, and this whether the action is founded on the contract in terms, or on an account for the work performed under the contract. The plaintiff assumes that the defendant has violated the contract, and therefore he was no longer bound by its provisions. This is assuming a fact which ought to have been tried in this case; whether the defendant had violated the contract or not, was the pertinent question in issue upon the trial. It is not necessary to say that no recovery could be had in this suit for amounts becoming due after the commencement of the suit. There being no evidence in the case to show that accounts were due from solvent persons, and that defendant had wrongfully failed to collect the same, or that accounts had been paid not settled for, it follows that the instruction asked by the defendant ought to have been given by the Circuit Court. For the refusal of the court to give said instruction, and because the court rendered judgment for the plaintiff, the judgment ought to be reversed.

The other Judges concurring, the judgment of the Circuit Court is reversed, and the cause remanded.