# AMERICAN SURETY COMPANY OF NEW YORK, Respondent, v. FRUIN-BAMBRICK CONSTRUCTION COMPANY, Appellant.

**St. Louis Court of Appeals, April 7, 1914.**

1. **CONTRACTS: Action: Right to Sue on Quantum Meruit.** A recovery cannot be had in *indebitatus assumpsit* on the *quantum meruit*, where there is an express contract which has not been executed or rescinded; but where the contract has been fully performed by plaintiff, and nothing remains to be done except for defendant to pay the price of such performance, he need not declare specially on the contract, but may recover on an *indebitatus assumpsit* count, as for the reasonable value of such performance, and, in such case, he does not repudiate the contract, but, under the *indebitatus assumpsit* count, offers it in evidence to sustain his case and his proof of compliance with its terms.

2. ————: ————: ————: **Measure of Damages.** Where, instead of suing on the contract, plaintiff sues in *indebitatus assumpsit* on the *quantum meruit*, on the theory that he has fully performed the contract and nothing remains but for defendant to pay him for such performance, his recovery is the reasonable value of such performance, not exceeding the contract price; and the contract alone affords sufficient prima-facie evidence of the reasonable value. .

3. ————: ————: ————: **Time of Accrual of Cause of Action.** Defendant procured from plaintiff surety company a surety bond covering a period of fifteen years, for which it agreed to pay reasonable compensation, such reasonable compensation being a premium amounting to $800 for the full term, payable $100, in advance, for the first year, and $50, in advance, per annum thereafter. In an action for three unpaid annual premiums, upon a count in *indebitatus assumpsit* on the *quantum meruit*, defendant set up as a defense that the action was barred by the Statute of Limitations, on the theory that, in this form of action, the premium is to be regarded as due and payable, and the cause of action therefor as accruing, at the time the service was rendered. *Held*, that this defense was not tenable, since, although the action ·was for the reasonable value of the services rendered, the time of payment was governed by the contract, and, under it, the time in which the premiums in question were to be paid was within the period of limitation.

Appeal from St. Louis City Circuit Court.—*Hon. Eugene McQuillin,* Judge.

AFFIRMED.

*S. Mayner Wallace, Wm. R. Orthwein* and *Shepard Barclay* for appellant.

(1) The trial court erred in declaring the law to the effect that it was not necessary for plaintiff to prove a payment by defendant within the statutory period (five years) of limitation; and that a failure of such proof "will not prevent recovery." The law in Missouri and elsewhere is otherwise, and places on plaintiff the burden of proof as to such payment to avoid or repel the statute. Regan v. Williams, 185 Mo. 631; Erhart v. Deitrich, 118 Mo. 428; Monroe v. Herrington, 110 Mo. App. 513; Keese v. Dewey, 97 N. Y. Supp. 519; McElvain v. Garrett, 84 Mo. App. 303; Lang v. Gage, 65 N. H. 173; Brown v. Carson, 132 Mo. App. 371; Blair v. Lynch, 105 N. Y. 636; Patterson v. Collier, 113 Mich. 12. The rule on this subject as to personal actions is the same as in other actions where plaintiff relies on a disability to suspend or toll the effect of the statutory bar of limitation, in which case plaintiff always has the burden to prove such disability. Dessaunier v. Murphy, 33 Mo. 184; Campbell v. Gas Co., 84 Mo. 375; McQuillin's Plead. & Pract., Sec. 226. (2) A payment to toll or repel the bar of limitation must be proved to have been made by defendant. R. S. 1909, sec. 1910; Shoemaker v. Benedict, 11 N. Y. 176; Williamson v. Williamson, 50 Mo. App. 194; Keese v. Dewey, 97 N. Y. Supp. 519; Rogers v. Lamb, 100 N. W. 440; Regan v. Williams, 88 Mo. App. 577; Goddard v. Williamson's Adm., 72 Mo. 133; Thompson v. Brown, 121 Mo. App. 524. (3) The rule requiring unequivocal and certain proof of payment by defendant is on the same footing, in principle, as the proof of a new promise or acknowledgment of the de-

fendant. Maddox v. Duncan, 143 Mo. 622; Miller v. Cinnamon, 168 Ill. 447; Burn v. Boulton, 2 M. G. & S. 476; Chrisman v. Irwin, 37 Mo. 169; Allen v. Collier, 70 Mo. 138; Linsell v. Bonsor, 2 Bing. N. C. 241; Wainman v. Kynman, 1 Exch. 118; Tippetts v. Heane, 1 C. M. & R. 252; Mills v. Fowkes, 5 Bing. N. C. 455. (4) The right to the whole compensation for the services accrued on the performance of the only act alleged as the basis for plaintiff's claim, namely: the signing of the surety bond. Maddox v. Duncan, 143 Mo. 621; Tyrie v. Fletcher, Cowp. 666; Murphy v. City, 95 N. W. 680; Thompson v. Clanmorris, 1 Ch. 726; Bank v. City, 126 Iowa, 101; Blake v. Pratt, 8 Kan. App. 486; Monroe v. Herrington, 110 Mo. App. 509. (5) The Statute of Limitation begins to run from the time when the right of action accrues. R. S. 1909, sec. 1889; Kennedy v. Burrier, 36 Mo. 128; Monroe v. Herrington, 110 Mo. App. 509; Murphy v. City, 95 N. W. 680. (6) This action was begun in 1910. The last payment by defendant on account, according to all the evidence, was not later than 1898; and any payments since, by other parties, would not extend or enlarge defendant's liability beyond five years from its last payment, conceding the contract to arise by implication in 1895, from service then rendered as alleged. Stark Bros. Co. v. Gooding, 162 S. W. 333; 19 Am. & Eng. Ency. Law (2 Ed.), p. 205; Clark v. City, 20 Wall. 583; Quackenbush v. Mapes, 107 N. Y. 1050; City of Batterson, 112 Ind. 344; Bank v. Hearne, 48 S. W. 160. (7) The Statute of Limitations is a statute of repose, based on sound public policy, and is neither to be viewed nor construed strictly or with any disfavor. Bell v. Morrison, 1 Pet. 360; McLean v. Thorp, 4 Mo. 259; McQuillin's Plead. & Pract., Sec. 216, p. 218.

*Geo. E. Egger* for respondent.

NORTONI, J.—This is a suit on an implied contract to reasonably compensate plaintiff for executing

certain surety bonds at the instance of defendant and for its benefit. Plaintiff recovered and defendant prosecutes the appeal.

The suit, in the first count, proceeds to recover the three last annual installments of the premium on the surety bonds, in *quantum meruit*, and the matter for consideration presents the question as to whether or not it is competent to look to the contract between the parties to determine the time the several installments sued for were due. Defendant seems to concede the obligation to pay the premium in the first instance, but pleads the Statute of Limitations, on the theory that the debt is an entire one, which accrued in August, 1895, when the surety bonds were executed, and that, in this form of action, the special contract between the parties, fixing its payment in annual installments, may not be reckoned with whatever.

It appears plaintiff is a surety company, incorporated and doing business in the State of New York, while defendant is an incorporated company under the laws of Missouri, engaged in the business of constructing streets, under contracts with municipalities. In 1895, defendant embarked in business in the city of New York and entered into several contracts with that city for the construction and maintenance of a number of streets. Defendant entered into twenty-two separate contracts with the Mayor and Board of Aldermen of the city of New York for the construction and maintenance of as many streets, and it became its duty thereunder to furnish a bond in connection with each contract, with satisfactory surety thereon, for the faithful discharge of such contracts. The contracts required, not only the construction of the streets, but their maintenance as well by defendant for a period of fifteen years after such construction was completed. Having entered into such contracts with the city of New York, defendant procured the services of plaintiff surety company in executing twenty-two separate bonds, conditioned for

their faithful performance, and agreed to pay reasonable compensation to the surety company therefor by way of a premium, which, it appears from the evidence, was payable in annual installments for the term. This suit proceeds in twenty-two separate counts for certain annual installments of premiums due and unpaid on each of the twenty-two separate bonds so executed by plaintiff at the instance and request, and to the benefit, of defendant. However, by a stipulation in the record, it is provided that as the same questions arise on all of the counts of the petition the case made on the first one alone is to be considered, and the others should abide the result.

The surety bonds appear to have been executed on the 17th day of August, 1895, and it is said the reasonable value of the services of the surety with respect to the $10,000 bond mentioned in the first count of the petition was a premium amounting to $800 for the full term, payable $100 in advance for the first year and $50 in advance per annum thereafter. All of the installments of the premium on this bond were paid, save the three last—that is to say, one installment of $50, due November 25, 1907, one installment of premium, due November 25, 1908, and one installment of premium, due November 25, 1909. The three installments last mentioned were not paid and the cause of action declared upon in the first count of the petition is for $150, as the reasonable value for the services of the surety during the three last years prior to the expiration of the maintenance period for which it stood surety under defendant's contract with the city. Of course, if defendant paid the several installments of premium as they fell due, from 1895 until 1906, no question under the Statute of Limitations could possibly arise, for such payments would toll the statute. But it is insisted by defendant that it made no payment of premium whatever after the year 1898. It appears that, although defendant Fruin-Bambrick

Construction Company entered into· the contracts in New York in 1895, and executed the bonds with plaintiff as surety thereon at that time, in the year 1898 it sold its business to another company—that is, the Fruin-Bambrick Paving Company, a New York corporation—and withdrew entirely therefrom. Thereafter, the New York corporation, the Fruin-Bambrick Paving Company, sold its business, including the same contracts, to the Barber Asphalt Company, and it is said all of the installments of premiums on the bonds for which defendant had become liable in the first instance were paid during the years 1899, 1900, 1901, 1902, 1903, 1904, 1905, 1906 by the two latter companies. Because of these transfers and because of the fact that defendant made no payment on the premium after 1898, it is insisted the five-year Statute of Limitations obtains in its favor with respect to the installments of premium here sued for—that is, those falling due November 25, 1907, November 25, 1908, and November 25, 1909—for that the payments made during the years between 1898, when defendant withdrew from New York, and 1906 were made by the other companies which continued the contracts, and not by defendant, so as to toll the Statute of Limitations in so far as its rights are concerned. This argument predicates, of course, upon the proposition that the entire premium of $800 became due and payable and the right to sue therefor accrued when the bond was executed, August 17, 1895. It is obvious that the argument is unsound in the instant case, for it appears in the evidence that, by the contract between the parties, the premium was payable in annual installments, and that a reasonable compensation for the services was $100 for the first year and $50 per annum thereafter. Indeed, in furtherance of the contract to pay installments, defendant made the first payment of $100 at the time the bond was executed and $50 annually there-

after during the years of 1896, 1897, 1898. So much is conceded in the case.

But, it is argued that, in this form of action, declaring upon the implied contract to pay the reasonable value for services rendered, the compensation is to be regarded as due and payable and the cause of action therefor accrued at the time the service was rendered, and the contract specifying the contrary as by fixing installment periods may not be looked to at all. The argument predicates upon and proceeds entirely from what is said in Reifschneider v. Beck, 148 Mo. App. 725, 735, 736, 129 S. W. 232, to the effect that if a party sues on a *quantum meruit* he cannot recover on a special contract if one is proven. But this statement is broader than the law warrants. It is well settled that a plaintiff cannot recover in *indebitatus assumpsit* on the *quantum meruit* where there appears an express contract yet open—that is, not rescinded or executed. [See Stollings v. Sappington, 8 Mo. 118.] But beyond this the rule is without avail, for where an express contract has been fully performed by plaintiff on his part and nothing remains to be done, except for defendant to pay money in consideration of plaintiff's performance, plaintiff need not declare specially on the contract, but may recover on an *indebitatus assumpsit* count, as for the reasonable value. [See Ingram v. Ashmore, 12 Mo. 574; Stout v. St. Louis Tribune Co., 52 Mo. 342; 4 Ency. Pl. & Pr. 923; Mansur v. Botts, 80 Mo. 651; Redman v. Adams, 165 Mo. 60, 65 S. W. 300; Williams v. Chicago, etc. R. Co., 112 Mo. 463, 491, 20 S. W. 631.] In such a case it is said the plaintiff does not repudiate the contract nor seek to avoid it, but, under his common count in *indebitatus assumpsit* as for a *quantum meruit* of compensation, he offers the contract in evidence to sustain his case and his proof of compliance with its terms. [See Williams v. Chicago, etc. R. Co., 112 Mo. 463, 491, 20 S.

W. 631.] In all such cases, where the plaintiff sues in *indebitatus assumpsit* as for *quantum meruit,* on the theory that he has fully performed the contract and nothing remains but for the defendant to pay him, his recovery is to be for the reasonable value, but not exceeding the contract price. [See Mansur v. Botts, 80 Mo. 651; Plummer v. Trost, 81 Mo. 425, 430; Williams v. Chicago, etc. R. Co., 112 Mo. 463, 20 S. W. 631; Monarch Met. Weather-Strip Co. v. Hanick, 172 Mo. App. 680, 155 S. W. 858.]

It is conceded that plaintiff's contract was fully performed in the instant case, and the evidence is, that the entire premium charged, divided in installments for payment, is reasonable compensation for the services rendered. From what has been said, it is entirely clear that the evidence tending to prove the contract between the parties, to the effect the premium was to be paid in installments on the 25th day of November each year is entirely competent, though the suit proceeds on the implied promise for reasonable compensation, and that such stipulation with respect to the time of payment must control as to the rights of the parties in judgment here. The authorities sustaining this view are abundant and all to one effect.

In Neenan v. Donoghue, 50 Mo. 493, our Supreme Court said that the contract between the parties in such a case is to be "used as an instrument of proof." [See, also, to the same effect, Stockman v. Allen, 160 Mo. App. 229, 232, 142 S. W. 744; Stout v. St. Louis Tribune Co., 52 Mo. 342.] In Dermott v. Jones, 2 Wall. 1, 9, 69 U. S. 1, 9, the Supreme Court of the United States expressly decided that in a case in *indebitatus assumpsit* on *quantum meruit,* the contract is proper in evidence and that it is to determine the rights of the parties. To the same effect is Mansur v. Botts, 80 Mo. 651, 655; Plummer v. Trost, 81 Mo. 425, 430. So, too, in Beagles v. Robertson, 135 Mo. 306, 324, 115 S. W. 1042, this court declared that a special contract

having been established, "the rights of the parties were to be determined in accordance with it." [See, also, to the same effect Fox v. Pullman Pal. Car Co., 16 Mo. App. 122.]

Then, too, in the leading case of Williams v. Chicago, etc., R. Co., 112 Mo. 463, 20 S. W. 631, the court, in discussing the plaintiff's count in *indebitatus assumpsit* as for a *quantum meruit,* put the question as to what effect the contract in evidence should be given and answered that it must control. The court said, "Having held that plaintiffs under the allegations of their petition could show the amount and value of their labor not exceeding the contract price, the question necessarily arises, what effect is to be given the contract in such a case? We answer that the contract must still control." Further on it is said in the same opinion that the recovery must be ascertained according to the terms fixed by the parties in the contract but for the reasonable value not exceeding the contract price. Moreover, it is abundantly established, too, that in the absence of other evidence, the contract may be looked to for the price and that it alone affords sufficient evidence *prima facie* of the reasonable value. [Rude v. Mitchell, 97 Mo. 365, 11 S. W. 225; Redman v. Adams, 165 Mo. 60, 65 S. W. 300; Monarch Met. Weather-Strip Co. v. Hanick, 172 Mo. App. 680, 155 S. W. 858.]

From this array of authorities on the subject, it appears to be entirely clear that it was competent for plaintiff to prove, as it did, that by the terms of the contract the installments of premiums here sued for were not due until November 25, 1907, November 25, 1908, and November 25, 1909.

This being true, it is obvious the Statute of Limitations is beside the case and without avail, for the cause of action concerning them did not accrue until then. The judgment should be affirmed. It is so ordered. *Allen, J.,* concurs. *Reynolds, P. J.,* concurs

in the result and in all of the opinion except as to what is said about the rule being stated too broadly in Reifschneider v. Beck, 148 Mo. App. 725, 129 S. W. 232. Standing alone, the statement of the rule is too broad, but considering those words in connection with the context he does not think they are.