### SMITH v. THOMPSON. (No. 1225.)

(Court of Civil Appeals of Texas. El Paso. May 26, 1921. Rehearing Denied Oct. 6, 1921.)

1. **Appeal and error ⟨⟩1040(3)—Sustaining demurrer not reversible error where evidence under the pleading was considered.**

Bill of exceptions complaining that court sustained demurrer to pleading *held* not to present reversible error where subsequent bill of exceptions shows that evidence was admitted and considered by the court under such pleading.

2. **Attorney and client ⟨⟩182(3)—Attorney entitled to retain title papers on client's refusal to pay him money expended in procuring them.**

An attorney employed to perfect title to land could retain title papers on client's refusal to pay him money expended in procuring them, under his agreement to so do.

3. **Appeal and error ⟨⟩1058(2)—Exclusion of testimony harmless where witnesses subsequently testified fully concerning the matters.**

Refusal to permit witnesses to testify to certain matters *held* not ground for reversal where the witnesses subsequently testified fully concerning such matters.

4. **Attorney and client ⟨⟩134(1)—Attorney cannot recover, on termination of contract, more than what his compensation would have been if he had fully performed.**

An attorney employed to perfect title to certain land under a contract entitling him to certain interest in the land for such services could not, on client's termination of contract before he had fully performed services, recover as reasonable value of the services, upon quantum meruit, more than the value of the land which would have been his compensation for his services had the title been perfected.

5. **Attorney and client ⟨⟩158—Attorney, having performed services, could not recover on a quantum meruit, but was limited to compensation specified in contract.**

Attorney, who had agreed to perform certain services in consideration of a certain percentage of client's stock in corporation, having performed such services, could not recover reasonable value of service upon quantum meruit, but was confined to a recovery of the specified proportion of client's corporate stock.

Appeal from District Court, Erath County; J. B. Keith, Judge.

Action by John E. Smith against R. L. Thompson, in which defendant filed a cross-action. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Jas. W. Smith, of Cordell, Okl., for appellant.

Chandler & Pannill, of Stephensville, for apellee.

HARPER, C. J. Appellant, J. E. Smith, brought this suit against appellee, R. L. Thompson, for damages alleged to have been suffered by reason of the fact that defendant accepted employment as attorney at law to represent plaintiff in a number of lawsuits, and by reason of the negligent and careless manner in which he handled the cases, and his willful and wanton failure and refusal to perform the services for which he was employed, and for possession of certain title papers, or their value, to certain lands, which is the subject-matter of the cross-action of defendant noted below.

Defendant answered by general demurrer, special exceptions, general denial, and specially pleaded that he had refused to deliver the title papers, because plaintiff had failed and refused to pay him the moneys expended by him in procuring them, and by way of cross-action pleaded as follows:

That on the 22d day of March, 1916, the plaintiff entered into the following contract with L. M. Frank and himself as attorney at law:

"State of Texas, County of Erath.

"This contract made in duplicate, on the day and date hereinafter set forth by and between J. E. Smith, of Erath county, Texas, hereinafter called first party, and L. N. Frank and R. L. Thompson, attorneys at law, of Stephen-

ville, Erath county, Texas, hereinafter called second party, witnesseth:

"First. That first party has this day employed second party to represent first party in the investigation of the title and possession and such other and further investigation as is necessary to vest title to said land in first party under the terms of a certain contract had by first party with one W. L. Wright of St. Louis, Mo., and other parties connected with said contract; the title and possession of which land requiring the services of second party is hereby described as about twenty-six thousand acres of land and described as fractions A, B, and C, Lot No. 4, of the national lands situated in the municipality of Villa Ahumada, of the district of Bravos, state of Chihuahua, in the republic of Mexico, and being the same land as described in the contract above referred to. That second party is to do all such acts and to perform all such services as may be necessary to a full and complete investigation of the title and possession of said lands with especial reference to the ownership thereof in first party and to do all acts necessary in vesting title and possession thereof in first party.

"Second. That in payment of and satisfaction of services rendered and to be rendered in the premises, first party hereby assigns, and conveys to second party a one-third (⅓) undivided interest in and to the lands referred to in the foregoing paragraph, the said one-third undivided interest to vest in second party absolutely: Provided that, if it be found that the lands and premises or any part thereof such as is described in first paragraph be incorporated, or in the name of, or is owned in a corporate name, then first party hereby conveys and assigns to second party a one-third (⅓) undivided interest in and to such shares of capital stock or other evidence of holdings therein as first party owns in said corporation: Provided, further, that second party, in the event of a settlement or compromise by and between first party and the said W. L. Wright or other parties growing out of the contract for the purchase of said land above described by first party, then and in that event first party hereby conveys, sets over and assigns to second party a one-third interest in all moneys, or money, or property paid to first party in such settlement.

"Third. First party is to advance the sum of $50 at such times as it may be necessary to second party to cover such expenses as may be necessary in the investigation of the condition of title and possession of said lands above described; that all other money and expense second party may expend under the terms of this contract over and above the $50, the same to be borne equally by first party, L. N. Frank, and R. L. Thompson, in proportion of one-third each: Provided, that if under the terms of this contract second party shall receive title and possession to any part of said land above described, or interest therein, or shares of stock or money in lieu thereof, second party shall out of their interest so recovered refund to first party the $50, together with one-third of such expense as he may be out under the terms of this contract.

"Witness our hands this the 22d day of March, 1916.

      "First Party,   J. E. Smith,
      "Second Party,  L. N. Frank,
                    "R. L. Thompson."

That upon the execution of said contract this plaintiff diligently entered upon said matter, and prosecuted the investigation by correspondence and personal trips at his own expense, and that plaintiff wholly failed and refused to pay his one-third of the expenses; that in 1919 another contract was executed whereby appellee was to represent the appellant for a consideration of one-half of the lands, and the parties to share the expense equally; then sets up in detail the things done in compliance with this latter contract, up to about February 1, 1920, when plaintiff, without cause or excuse, discharged this defendant from his said employment, and thus terminated the contract; that by reason of the discharge plaintiff became liable to defendant for the reasonable value of the services; that if plaintiff had not discharged defendant he would have carried out his contract, and would have recovered, and had recognized plaintiff's right to the said lands, and would have realized as his part the sum of $10,000; and prays judgment therefor.

Plaintiff replied to this cross-action by general demurrer, special exception, and plea of payment and satisfaction. Tried before the court without the aid of a jury, and judgment rendered that Smith take nothing, and in favor of Thompson upon his cross-action for $2,500. Appealed.

[1] The first assignment complains that the trial court erred in sustaining defendant's demurrer to plaintiff's trial amendment. If the court sustained a demurrer, it was error, because the allegations are sufficient upon general demurrer; but the record does not conclusively show that the demurrer was sustained. Though we find a bill of exceptions to that effect, a subsequent bill of exceptions shows that evidence was admitted and considered by the court in rendering the judgment, so this matter does not present reversible error. However, in view of another trial, we suggest that several of the special exceptions are good, because the allegations of petition in a large measure consist of legal conclusions, and are lacking in that certainty of detail which it should have contained.

[2] The second charges error in overruling plaintiff's demurrer to defendant's answer and cross-action, because same fails to allege facts sufficient to constitute a defense. The general denial was a sufficient answer to all, and the special defense to the prayer for possession of the title papers, that plaintiff failed and refused to pay his portion of the expense therefor, and that they were held by another party because same was not paid, constituted a sufficient defense to that part of plaintiff's cause of action.

[3] The third complains that the court refused to permit certain witnesses to testify to certain items in plaintiff's petition. The record shows that, after the ruling, the wit-

nesses testified fully about the matters. The fourth is that the evidence does not sustain the judgment rendered.

[4] There is neither allegation nor proof of the value of the land sought to be recovered; therefore there is no basis for a true measure of damages to be recovered. He could in no event recover more than the value of a one-third or one-half (as the contract enforceable provides) of the value of the lands to be recovered. 2 Ruling Case Law, vol. 2, § 131; Hill v. Cunningham, 25 Tex. 25; Lynch v. Munson, 61 S. W. 140; Merchants' National Bank v. Eustis, 8 Tex. Civ. App. 350, 28 S. W. 227.

There is another proposition apparent upon the face of the record which we think fatal to the judgment rendered. The appellee pleaded that he performed certain services pursuant to the contract, and that he was discharged from further performance by appellant, before he finished the services contracted to be performed, and that he could have recovered the title to the land if he had been permitted to continue to prosecute the claim. He testified that, in his opinion, the title to the lands was clear in appellant. The evidence discloses that, the land being in Mexico, the title could not vest in an individual not a citizen, but must, under the laws of that republic, be taken in the name of a corporation organized under its laws, for that purpose.

[5] In addition to his testimony that the title had vested in the corporation, he testified that the corporation had been duly organized, charter issued, and that the certificates of stock due to his client had been duly issued and delivered to him, and introduced in evidence the charter, etc. He is bound by his evidence, and, since he has shown that the title was vested, as he had undertaken to accomplish, his interest (shares of stock) likewise vested in him, and he is now confined to recovering that interest instead of suing upon a quantum meruit for the reasonable value of services performed.

The cause must therefore be reversed and remanded.

### On Motion for Rehearing.

We have again carefully reviewed the record, and are still of the opinion that the rules of law enunciated are the ones which control this case; that is, that appellee can in no event recover more upon quantum meruit than the value of the lands which would have been his compensation for his services had title been perfected. Additional authorities: Weis v. Devlin, 67 Tex. 507, at page 513, 3 S. W. 726, 60 Am. Rep. 38; Hearne v. Garrett, 49 Tex. 619; Devoe v. Stewart, 32 Tex. 717; R. R. v. Shirley, 45 Tex. 355; Lamar v. Hildreth, 209. S. W. 169; Mfg. Co. v. Street et al., 196 S. W. 286; Surety Co. v. Construction Co., 182 Mo. App. 667, 166 S. W. 333; Shropshire v. Adams, 40 Tex. Civ. App. 339, 89 S. W. 448. And there is no evidence of probative force of the value of the land, or the interest which was to be the compensation for perfecting the title.

The motion is therefore overruled.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes