**John STEWART (Plaintiff), Appellant,**

**v.**

**L. DROSTE (Defendant), Respondent.**

**No. 29319.**

St. Louis Court of Appeals.
Missouri,

Sept. 18, 1956.

A. J. Murphy, Jr., and William G. Goodin, Louisiana, for appellant.

Suelthaus & Krueger, St. Louis, and Warren H. May, Louisiana, for respondent.

MATTHES, Judge.

Action in quantum meruit. Plaintiff alleged that defendant owed him $350 for preparing land and sowing clover and lespedeza therein for 1948 and 1949, and a balance of $4,900 for feeding and caring for certain livestock in 1948, 1949, and 1950. Tried without a jury, the trial court found against plaintiff, and he has appealed.

Defendant and his wife owned a large tract of land in Pike County, Missouri. According to plaintiff's testimony he rented approximately 1,200 acres thereof by oral agreement in March, 1948. The substance of the agreement according to plaintiff's version thereof was: defendant was to furnish plaintiff 15 cows, 1 bull, 10 brood sows, and 1 boar. Plaintiff was permitted to take 5 of his cows on the property. Labor necessary to farm the land was to be furnished by plaintiff. All crops were to be fed to the livestock. The increase from the cows and hogs was to be sold in the names of both parties but through defendant, and the net proceeds divided equally between the parties. Crops not fed to livestock were to be sold and proceeds divided equally. The period of time that the agreement was to remain in effect was not fixed by plaintiff's testimony. Defendant's testimony established the existence of the foregoing terms, but he insisted the contract contained these additional provisions: The corn belonging to defendant that was stored in a crib on the property when plaintiff took possession was to be fed to the livestock on condition that plaintiff leave a like amount in the crib when he vacated the premises; material for repairing fences was to be furnished by defendant, and labor for making such repairs by plaintiff. If it became necessary to purchase feed or supplement, such purchases were to be charged to and paid by defendant who was to be reimbursed upon sale of livestock. Defendant was to designate the tillable land that could be used for raising crops as well as land to be used

for pasturing livestock. The expense of combining or threshing small grain was to be borne equally between the parties. Defendant stated the arrangement was to continue for a period of one year.

Plaintiff took possession under the contract. Admittedly the livestock was placed in his possession by defendant. Plaintiff detailed the services rendered by him in preparing and seeding land, and in taking care of the livestock in 1948, 1949, and 1950. In his direct testimony plaintiff stated he was making claim for plowing, disking, and seeding land to clover in 1948 and 1949, and for feeding and general care of the livestock for 1949 and 1950. He fixed the value of all of such services at $5,700, and gave the defendant credit for $500 which he stated was paid thereon. Plaintiff conceded there was corn in one of the cribs when he took possession, which plaintiff fed to the livestock. He fixed the amount of the corn at 440 bushels, whereas disinterested witnesses placed it at approximately 1,000 bushels.

Plaintiff testified that in June or July, 1949, because he was "having some trouble at home", he requested defendant to purchase his interest in the cattle and hogs. Defendant refused, and suggested that the plaintiff should feed out the livestock. Because the house in which plaintiff was living was destroyed by fire on November 11, 1949, he moved his family to the home of his mother-in-law. However, he took possession of the store building without defendant's knowledge, and retained possession until May, 1951, the date that plaintiff stated he finally and fully vacated the premises. Some time after the parties had the discussion wherein plaintiff requested defendant to purchase his interest in the livestock, defendant asked plaintiff how long it would take him to feed out the stock and vacate. Plaintiff advised "he wasn't going". Around the first of March, 1950, defendant undertook to remove the brood sows from plaintiff's possession. Because some of the sows were about to give birth to pigs, and others had pigs that were not old enough to be moved, he did not take them for about seven or eight weeks. The cows, however, were taken by defendant near the end of March, 1950, but plaintiff retained possession of feeder cattle until May, 1950. During that month plaintiff shipped them without defendant's knowledge. Defendant did not instruct or request plaintiff to do any farming in 1950, and testified that without his knowledge plaintiff plowed under a clover field which would have produced a good crop in 1950, and also plowed under twelve acres of lespedeza. It stands undisputed that the only corp raised on the premises by plaintiff in 1950 was corn. Plaintiff stated he retained three-fifths, and gave defendant two-fifths thereof. Defendant's share according to his testimony amounted to 79 bushels.

The facts bearing upon the vital issue of payment will be discussed and considered in the disposition of the points presented.

This being a nonjury case, we must review it upon the law and the evidence. By the clear terms of the statute we have no right to set aside the judgment unless it is clearly erroneous, and we are required to accord due regard to the opportunity of the trial court to judge as to the credibility of the witnesses. Section 510.310 RSMo 1949, V.A.M.S.; Scott v. Kempland, Mo.Sup., 264 S.W.2d 349; Atkinson v. Smothers, Mo.App., 291 S.W.2d 645.

With candor plaintiff delimits the issues to two questions, as demonstrated by these assignments appearing in his brief: 1. Is the appellant entitled to recover in this action for the reasonable value of the work done and expenses incurred by him? 2. Does the evidence support the judgment of the court?

Apparently fearful that an attack would be made upon plaintiff's right to recover in quantum meruit, the theory has

been advanced by him that the contract, being oral, was within the statute of frauds, Section 432.010 RSMo 1949, V.A.M.S., and an action on the contract would not lie. Undoubtedly when a contract for rental of lands is voidable under the statute of frauds, the injured party cannot sue for breach of contract. State ex rel. Fletcher v. Blair, 352 Mo. 476, 178 S.W.2d 322, loc. cit. 325, and cases cited, conformed to 238 Mo.App. 813, 188 S.W.2d 959. And in the well reasoned opinion of Gipson v. Fisher Bros. Co., Mo.App., 204 S.W.2d 101, it was held that where the contract is unenforceable at law because of the inhibition of the statute of frauds, and the party seeking recovery is not voluntarily renouncing or abandoning the contract, he may maintain an action in quantum meruit. This rule has no application here because the duration of the rental contract was not fixed for a period in excess of one year. Plaintiff did not testify that the contract was to be in existence for a longer time than one year, whereas defendant stated it was "for one year, unless we agreed on longer terms". Impliedly at least plaintiff concedes the weakness of his position by stating in his brief, "the agreement *being for an indefinite term* was a tenancy from year to year and could be and was terminated, and appellant forced to surrender possession". (Italics ours.)

■ But under another well-settled principle, plaintiff had the right to seek recovery in quantum meruit. The rule is that when an express contract is open and unexecuted, and plaintiff proceeds for a breach of it, he must declare specially on the contract. In such a situation indebitatus assumpsit will not lie. Where, however, an express contract has been fully performed on the part of the one seeking recovery, and nothing remains to be done under it but the payment of money by defendant, which is nothing more than the law would imply, plaintiff may declare specially on the contract, or generally in indebitatus assumpsit as for the quantum meruit, at his election.

The plaintiff does not repudiate the contract, nor seek to avoid it in indebitatus assumpsit as for the quantum meruit, but offers the contract in evidence and his proof of compliance with it to sustain his case. The agreed price, if there is an agreed price, becomes prima facie evidence of the reasonable value of the services. Plaintiff may not, however, recover more than the agreed price. This rule was laid down in Stollings v. Sappington, 8 Mo. 118, and has been followed in Perles & Stone v. Childs Co., 340 Mo. 1125, 104 S.W.2d 361; American Surety Co. of New York v. Fruin-Bambrick Const. Co., 182 Mo.App. 667, 166 S.W. 333; Fuldner v. Isaac T. Cook Co., Mo.App., 127 S.W.2d 726; and Taetz, Inc. v. Groff, 363 Mo. 825, 253 S.W.2d 824. That plaintiff did not declare specially on the express contract is conceded, but his position in the trial brings the case within the stated rule. He testified that there was an agreement, and his testimony points to the conclusion that he considered he had fully performed thereunder. In this situation plaintiff had the right to declare generally in indebitatus assumpsit and seek recovery on the basis of quantum meruit.

■ Since plaintiff elected to sue for the value of his services, the question for decision is simple. Has he been paid the amount he is claiming? In plaintiff's testimony, after detailing services he rendered for which he was seeking a judgment, he unequivocally stated the value of such services was $5,700. By his own admission plaintiff was paid during the three years he occupied the premises the total sum of $6,057.71. This was his half of the proceeds from the sale of livestock, excepting one lot of 44 hogs hereafter considered. In addition to being paid that amount, in the year 1949 plaintiff sold wheat raised on the premises and received $164.72 therefor, all of which he retained; in the same year he sold corn raised on the premises and received $380.73 therefor which he retained; defendant loaned plaintiff $250, and in De-

cember, 1951, by reason of garnishment proceedings, defendant paid to the Clerk of the Circuit Court of Ralls County, Missouri, the sum of $605.08 in satisfaction of a judgment against plaintiff. Thus it is apparent that the total sum paid to plaintiff is substantially in excess of the amount he claimed to be due for the services rendered. For that reason alone plaintiff's action must fail.

We have pursued the matter further to determine whether plaintiff received his share of the livestock sold during his tenure. It stands conceded that defendant did not remit to plaintiff half of $1,591.96, the amount defendant received from the sale of 44 hogs on May 25, 1950. However, plaintiff's share of $795.98 is more than offset by his indebtedness to defendant as follows:

| | |
|---|---:|
| One-half of wheat sold by plaintiff, | $ 82.36 |
| One-half of corn sold by plaintiff, | 190.31 |
| Amount loaned to plaintiff, | 250.00 |
| Satisfaction of judgment, | 605.08 |
| Total, | $1,127.75 |

■ In developing the two assignments upon which plaintiff predicates his claim for relief in this court he urges that defendant, in violation of the agreement, took possession of the hogs and cows in which plaintiff owned an interest during 1950, and that thereafter defendant sold the same but failed to account to plaintiff for his share. Such claim is manifestly contrary to, and inconsistent with, plaintiff's declared theory. Having elected to proceed in quantum meruit, and having been paid for his services in caring for the livestock in 1950, plaintiff will not now be heard to assert that defendant should respond on the theory of breach of contract.

This case received the careful consideration of two trial judges. It was tried before Honorable B. Richards Creech, who found that plaintiff had been paid more than the amount due him. The motion for new trial was submitted to Honorable James D. Clemens, successor to the judge who tried the cause. Judge Clemens, by memorandum, also found plaintiff had received full satisfaction and payment. We are of the same opinion.

The judgment is affirmed.

ANDERSON, P. J., and ELMO B. HUNTER, Special Judge, concur.